Judith A. BROSKI, Appellant,

v.

Harold K. JONES et al., Respondents.

No. WD 31365.

Missouri Court of Appeals,
Western District.

March 30, 1981.

John H. Trader, Burke, Hoffman & Millin, Kansas City, for appellant.

Guy G. Rice, Independence, for respondents.

Before DIXON, P. J., WASSERSTROM, C. J., and NUGENT, J.

WASSERSTROM, Chief Judge.

Plaintiff, as a minority stockholder in Santa Fe Real Estate Corporation, filed suit against four named defendants who are stockholders and directors of Santa Fe. The petition alleged that plaintiff "brings this action derivatively in her own behalf and on behalf of all other stockholders of the Corporation similarly situated who may join herein and contribute to the expense hereof, of the Corporation and for its benefit." Defendants filed a motion to dismiss which was sustained by the trial court. Plaintiff appeals. We affirm.

The Points Relied On in plaintiff's brief before this court wholly fail to comply with Rule 84.04(d), and her statement of facts is woefully inadequate to comply with Rule 84.04(c), thereby immensely increasing the difficulty of determining this appeal. Those briefing defects aggravate the problem caused by the pleadings and proceedings in the trial court which were uncon-

ventional, to put it mildly. Notwithstanding the noncompliance with the Supreme Court Rules, which would justify striking the appellant's brief and dismissing the appeal, we nevertheless as a matter of grace have undertaken to review this appeal as best we can.

The petition, the attached exhibits and the various documents submitted by the defendants as attachments to their motion to dismiss, combine to disclose the following situation. Santa Fe was incorporated in September 1975, pursuant to an incorporators' agreement which required that all stockholders have a Missouri real estate salesman's or broker's license which were to be placed under the control of the corporation's principal broker. That agreement provided in this respect: "If at any time, stockholder removes license from control by the broker of said real estate corporation, whether voluntarily or involuntarily, the stock held by said stockholder shall be sold back to the corporation as a body."

As part of the original arrangement, defendant Harold K. Jones was designated as President and D. P. Brockman as Secretary and General Manager. Those two individuals entered into written contracts with the corporation under which they were each to be paid a sum equal to 5% of the gross commissions collected by the corporation. Each agreement provided that the contracting employee could terminate the contract on thirty days notice.

Plaintiff became a stockholder in the corporation in November 1975. At that time she signed a Stock Redemption Agreement which provided that she should immediately surrender all of her stock in the event of the withdrawal of her Missouri real estate license from the control of the principal broker appointed by the Board of Directors of Santa Fe.

In the spring of 1976, the corporation renegotiated the compensation arrangement with Jones and Brockman. Under the revised agreement, Jones was to receive 9% of the corporation's gross receipts and Brockman was to receive 7%. Additionally, Jones and Brockman thereafter received bonuses, and Jones received certain perquisites in the form of a leased automobile, a hospitalization plan, a leased apartment and leased furniture.

■ By the summer of 1979, disputes came to a head between plaintiff and the corporation. On July 11, her lawyer wrote to the corporation's lawyer demanding that the corporation take action to require the defendant officers to refund all unauthorized funds alleged by plaintiff to have been improperly expended by the corporation to or on behalf of said officers, and that the corporation engage a certified public accountant to conduct an audit of the financial affairs of the corporation. In response to that letter, a stockholders' meeting was held on July 26, 1979. Each of plaintiff's complaints was taken up and voted upon. 30,500 shares were represented at the meeting by stockholders in person or by proxy, out of 34,452 shares outstanding. In each instance, plaintiff was the only shareholder voting in support of her complaint, although one or more shareholders abstained as to each proposition. Another stockholders' meeting was then held on August 23, 1979, at which plaintiff was removed as a director and a resolution was adopted calling upon the Board to demand a return by plaintiff of all her stock certificates under the provisions of the redemption agreement.[1]

Those stockholders' meetings were soon followed by the filing of this lawsuit on September 12, 1979. Plaintiff's petition was in two counts. The first count alleged more or less the facts as set forth above. Plaintiff further alleged that the increased percentage payments to Jones and Brock-

---

1. The resolution recites that plaintiff's license "has been returned to the Missouri Real Estate Commission and thereby withdrawn from the control and jurisdiction of the principle [sic] broker of this corporation, (Harold K. Jones)." Plaintiff by affidavit denied that she withdrew her license from the control of the company's principal broker. This therefore remains a disputed and unresolved issue. Summary judgment is nevertheless proper because the ground for decision in this opinion is unrelated to and independent of the unresolved issue mentioned.

man, the bonuses to them and the perquisites furnished Jones were excessive. Plaintiff further alleged that the other two defendants permitted the excessive payments to Jones and Brockman and improperly permitted miscomputations of compensation and negligently failed to take adequate steps to insure the proper computation. Count I concluded with a prayer that the defendants be required to refund to the corporation the payments mentioned to Jones and Brockman.

Count II of the petition adopted all the allegations of Count I and went on to allege the repurchase provisions of the Stockholders Agreement and of the redemption agreement between plaintiff and the corporation. Count II then proceeds to allege that the corporation will not be in a position to compute the book value due under the repurchase agreement absent an audit by a certified public accountant. On that basis Count II prayed an order upon the corporation to engage a certified public accountant to audit the company's affairs.

The defendants filed in response a motion to dismiss on the following grounds: (1) that plaintiff had no standing to file a derivative suit because she was no longer a shareholder; (2) that plaintiff had improperly united a minority stockholders' derivative suit with a claim on her part to preserve her individual rights; and (3) that the corporation was a necessary party whom plaintiff had failed to join. Defendant also filed an answer in which they repeated the grounds stated in their motion to dismiss and further alleged that plaintiff had failed to state a claim upon which any relief could be granted. In support of their motion to dismiss, defendants filed suggestions which concluded with a request to the court that their motion be disposed of as one for summary judgment as provided in Rules 55.-27(a) and 74.04. Plaintiff then in turn filed suggestions in which she joined in asking the court to treat the pending motion as one for summary judgment.

The trial court in its order from which this appeal is taken states: "Defendant's motion to dismiss is, by this Court, sustained. Plaintiff's petition is hereby dismissed." Nevertheless, both parties treated the proceedings in the trial court and continue to treat the matter in this court as having been ruled as a matter of summary judgment. We do likewise. The question for determination therefore is whether as a matter of law plaintiff had no right to any relief. Inasmuch as we resolve this issue against plaintiff as a matter of substantive law, it becomes unnecessary to consider the various procedural questions raised by defendants in the trial court and argued by the parties in this court.

▆ The exact nature of plaintiff's theory of action stands somewhat hazy. Count I clearly attempts to state a minority stockholders' derivative action. This intention seems plain despite the fact that plaintiff omitted the joinder of Santa Fe, a necessary party to such a proceeding. *State ex rel. Harwood v. Sartorius*, 355 Mo. 837, 198 S.W.2d 690 (banc 1947). On the other hand, Count II seems to seek relief in plaintiff's personal capacity, on the basis that the redemption price to be paid for her shares of stock would be too low as measured by present book value, for the reason that the book value should be increased by the amount due from Jones and Brockman by reason of the allegedly improper payments to them as set forth in Count I of the petition. Despite this apparent discrepancy between the two counts, plaintiff's brief in this court proclaims this to be "a stockholders' derivative action in her own behalf as a stockholder and on behalf of all other stockholders of Santa Fe Real Estate Corporation." We will accept that characterization of the action.

▆ The cause of action which plaintiff is trying to assert on behalf of the corporation is one against Jones and Brockman for excessive salaries, bonuses, and perquisites and against the other two defendant directors for negligent supervision of the company's financial affairs. Whether or not those challenged payouts were in truth improper was primarily for decision by the directors. *Putnam v. Juvenile Shoe Corporation*, 307 Mo. 74, 269 S.W. 593 (banc

1925); *Saigh v. Busch*, 396 S.W.2d 9 (Mo. App.1965). In the present case not only did the directors agree to the payouts in question, but in addition the propriety thereof was presented to the stockholders for consideration at the stockholders' meeting of July 26, 1979. At that time the stockholders, over plaintiff's sole dissent, specifically approved the challenged payments. Even though the defendants themselves hold a majority of all outstanding stock, nevertheless the vote of the majority controls and binds the minority absent allegation and proof of oppression or fraud. *Putnam, supra; Saigh, supra.* As held in *Saigh*, 396 S.W.2d l.c. 22:

> "There is no validity to the argument contained in plaintiffs' reply brief, where they contend that even though a majority is for ratification that the minority may be heard in a court of equity. Again, we say, where the matter under consideration is one that calls for the business judgment of a board of directors or of the majority shareholders and if this judgment is exercised fairly and honestly courts will not interfere. The only time that a court of equity will interfere, as we have stated, is when the matter complained of is ultra vires, illegal, fraudulent and, therefore, cannot be ratified by a majority of the stockholders or where the business judgment is exercised unfairly and in a dishonest manner."

There are no allegations or evidence that the defendants acted fraudulently nor is there any allegation or proof that the majority of the stockholders failed to exercise their best judgment fairly and in an honest manner. The ratification of the payments at the stockholders' meeting of July 26, 1979, therefore forecloses this action.

The judgment of the trial court is affirmed.

All concur.