June M. MASSIE, Walter Westerhold, and Glena M. Zimmerman, Individually, Appellants,

v.

Eugene F. BARTH, Individually, as Trustee of the Trusts under Items Tenth and Twelfth under the Will of Fred Westerhold, Jr., deceased and Fred Westerhold, III, individually, Respondents.

No. 44495.

Missouri Court of Appeals, Eastern District, Division Three.

March 30, 1982.

Motion for Transfer Denied May 14, 1982.

David L. Campbell, Stuart J. Radloff, Campbell & Radloff, Clayton, for appellants.

Marvin Moldafsky, Barry S. Ginsburg, St. Louis, for respondents.

CRIST, Judge.

On July 17, 1967, Fred Westerhold, Jr. died testate in the County of St. Louis, Missouri, survived by four children, appellants (plaintiffs) and respondent Fred Westerhold, III (defendant Fred). Decedent's will established two testamentary trusts. The first trust assigned 149 shares of Bonafide Oil Company to respondent Eugene F. Barth (trustee Barth) and to Marie D. Schmid, in trust, for plaintiff Walter Westerhold as the income beneficiary and vested remainderman at age 35. Plaintiffs June Massie and Glenda Zimmerman are contingent remainderpersons for this trust.

The second trust, consisting of all the stock in M.F.S. Corporation which the testator possessed at his death, was assigned to trustee Barth and Marie D. Schmid, in trust, for Marie D. Schmid as life income beneficiary, with plaintiffs and defendant Fred as successor income beneficiaries and vested remainderpersons. Plaintiffs allege that at testator's death his holdings constituted 100 percent of the issued and outstanding common capital stock of said company.

The will further provided that: "In the event Eugene F. Barth and Marie D. Schmid, or either of them, predecease me, fail, refuse, neglect or for any reason are unable to act as Trustee under any trust herein created, then St. Louis Union Trust Company, a corporation shall be Successor Trustee to one or both."

Prior to the funding of either trust, Marie D. Schmid released and waived her interest under the second trust, thereby vesting the interests of the testator's children in that trust. Additionally, Ms. Schmid filed, in probate court, a declination to act as cotrustee of either of the two above-mentioned trusts. St. Louis Union Trust Company refused to serve as the testator's designated successor co-trustee. Thus, only trustee Barth accepted the trusteeship. Trustee Barth has served as sole trustee of the two trust estates.

Trustee Barth and defendant Fred are officers, directors, and minority shareholders of Bonafide Oil Company. They are also officers and directors of M.F.S. Corporation. Plaintiffs charge trustee Barth and defendant Fred conspired to vote their individual shares and the stock controlled by trustee Barth as trustee, in order to perpetuate themselves as officers and directors of Bonafide Oil Company, to pay themselves excess salaries, and with misusing corporate assets for their own benefits, while refusing to give an explanation or accounting of the affairs of the trusts.

Plaintiffs sought the removal and replacement of trustee Barth as trustee and for an accounting (Count I); the appointment of an additional co-trustee so as to have the two trustees provided in the will (Count II); and actual and punitive damages from defendant Fred and trustee Barth for breach of fiduciary duties in self-

dealing between themselves and the corporations (Count III). The trial court sustained defendants' motion to dismiss Counts II and III on the basis that the trust did not mandate the replacement of a co-trustee, and that plaintiffs, as beneficiaries, lacked standing to bring the equivalent of a shareholder's derivative action.

This case is before us on a motion to dismiss. All factual allegations of plaintiffs must be accepted as true. *John Deere Co. v. J. W. Sanders,* 617 S.W.2d 606, 608 (Mo. App.1981). Plaintiffs "will be given the benefit of every favorable and reasonable intendment the facts alleged will allow." *Brennaman v. Andes & Roberts Brothers Const. Co.,* 506 S.W.2d 462, 463 (Mo.App. 1974). Plaintiff alleged in Count II that: Testator's will provided for two trustees and a designated successor co-trustee in the event either of the first two did not take their positions; one of the appointed co-trustees refused her appointment; the designated successor trustee refused its appointment; and trustee Barth was the only person to accept his trust position under the will. In effect, plaintiffs allege a vacancy in the co-trustee position. This is the vacancy which they seek to fill.

■ A court of equity has inherent power to appoint an additional trustee to act with the co-trustee appointed by the will. Testator provided for co-trustees in his will. There is no distinction in principle between a complete vacancy and a vacancy in a co-trustee position. *Wertin v. Wertin,* 217 Minn. 51, 13 N.W.2d 749 (1944). Annot., 151 A.L.R. 1308, 1311 (1944). By alleging a vacancy in the co-trustee position, plaintiffs stated a cause of action. In determining whether to appoint a successor co-trustee, the circuit court will consider: "(1) The intention of the settlor; (2) the interests and wishes of the various beneficiaries; and (3) the promotion of the proper administration of the trust." *In re Jackson's Will,* 291 S.W.2d 214, 226 (Mo.App.1956).

Trustee Barth and defendant Fred are officers, directors, and minority shareholders of Bonafide Oil Company and officers and directors of M.F.S. Corporation. As noted previously, stock in these corporations form the corpus of the trusts in which the plaintiffs are beneficiaries. Count III seeks damages for the wasting of assets of M.F.S. Corporation and Bonafide Oil Company by trustee Barth and defendant Fred. It seeks damages against trustee Barth for breach of his fiduciary duties as trustee. It seeks damages against defendant Fred for breach of his corporate fiduciary duties and for conspiring with trustee Barth to misuse trust property and to convert the same to his own use and benefit.

Trustee Barth and defendant Fred assert that Count III is a derivative suit brought by the wrong parties because: (1) Plaintiffs own no stock (Rule 52.09); and (2) plaintiffs have no standing to sue under the exception permitting contingent owners of stock to maintain a derivative action. *See, Hall v. M. B. O'Reilly Realty and Investment Co.,* 306 Mo. 182, 267 S.W. 407, 410 (1924).

Though Count III may be akin to a derivative action under Rule 52.09, plaintiffs chose to bring suit in their individual capacities. "A stockholder may sue to redress direct injuries to himself regardless of whether the same violation injured the corporation." 13 Fletcher, Cyclopedia of Corporations (Cum.Supp.1981).

The present case is analogous to *In re Parascandola,* 249 N.Y. 335, 164 N.E. 242 (1929). In that case, the executor of an estate was an officer and director of a corporation in which the estate held stock. The executor was liable to the estate, which maintained the suit in its own name, for depreciation in the stock's value due to the executor's misappropriation of corporate funds. The court held: "His breach of duty as an officer of the corporation does not expunge or obliterate his breach of duty as an administrator." *Id.* 164 N.E. 244. Similarly, trustee Barth's breach of his corporate fiduciary obligation does not dissolve his breach of duty as a trustee.

■ Under our law, a stockholder to whom an erring director or officer owes a special fiduciary duty has the right to maintain an individual action for breach of that

special obligation. *Gieselman v. Stegeman*, 443 S.W.2d 127, 131 (Mo.1969). Plaintiffs, as beneficiaries of the trust, possess an equitable interest in its corpus—the stock of M.F.S. Corporation and Bonafide Oil Company. Trustee Barth, in addition to his fiduciary obligation, as corporate director, owes the plaintiffs a special fiduciary duty because of his role as trustee. Under *Gieselman*, and similar to *In re Parascandola*, *supra*, plaintiffs can maintain individual suits against trustee Barth because of this special relationship.

Plaintiffs charge that defendant Fred conspired with trustee Barth to help trustee Barth violate his fiduciary obligation. "A third party who has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust. Restatement of Trusts, Second § 326 (1957). Furthermore, plaintiffs should be able to address all wrongs against trustee Barth and against defendant Fred in the same law suit.

The trial court's order dismissing Count II and III is reversed. The cause is remanded for trial on all counts.

REINHARD, P. J., and SNYDER, J., concur.