Errol J. DELAHOUSSAYE, et al.,
Plaintiff–Appellant,

v.

Chapin S. NEWHARD, et al.,
Defendant–Respondent.

No. 56252.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 16, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Bernard A. Barken, St. Louis, for plaintiff-appellant.

Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, as shareholders of Cupples Company Manufacturers, appeal dismissal of Counts I & II and summary judgment on Count III of their petition. Plaintiffs sought to enforce individual claims against present directors [Count I] and former directors [Count II] based on allegations the directors violated a fiduciary duty to plaintiffs when they redeemed shares of shareholders who were also officers and directors, but denied plaintiffs' request to ratably redeem their shares on comparable terms. Count I prayed for a mandatory injunction upon defendants requiring them to purchase plaintiffs' 5750 shares. Count II asked actual and punitive damages. Count III alleged a shareholders derivative claim on behalf of Cupples. It alleged the redemptions were "illegal, fraudulent and ultra vires," acts involving "insider" trades

and substantial overpayments because the price for the redeemed shares was in excess of "book" value. The trial court dismissed Counts I & II for failure to state a cause of action; Count I because there is no director's duty to ratably redeem plaintiffs' shares, and Count II, because the claim may properly be made only on behalf of the company as a shareholders derivative suit. Subsequently, the trial court granted summary judgment for defendants on Count III based on stipulated facts and an unopposed affidavit of one director, defendant Allan S. Barton. Plaintiffs appeal both rulings.

This litigation began after the Board of Directors of Cupples Company Manufacturers [Cupples] refused to accept plaintiffs' 1983 offer to sell their shares of stock to Cupples for $62.43 per share. Plaintiffs are all shareholders and members of the Delahoussaye family. Defendants are present and former directors of Cupples. They are sued in their official capacity as directors and individually.

The trial court dismissed Counts I and II of plaintiffs' petition. "In reviewing the trial court's dismissal of the petition, we must determine if the facts pleaded and the inferences reasonably drawn therefrom demonstrate any ground for relief. We treat the facts averred as true, construe all averments liberally and favorably to appellants and determine whether the pleadings invoke principles of substantive law upon which relief can be granted." *Detling v. Edelbrock*, 671 S.W.2d 265, 267 (Mo. banc 1984).

Cupples Company Manufacturers was incorporated as a Missouri Corporation in December, 1882. It was then known as Samuel Cupples Wooden Ware Company. The name was changed in 1918. The business of the company is to manufacture, fabricate, assemble and deal in all kinds of goods, wares and merchandise, including, but not limited to, wood, glass, paper, metallic, rubber, and plastic products, instruments, implements and component materials. It is also authorized to engage in certain agricultural activities.

At all times material to this dispute the company had the attributes of a close corporation. Its common stock was not listed on any public stock exchange or otherwise traded by the public. Over one hundred individuals, corporations, charitable institutions and other entities held stock in Cupples. Prior to June 15, 1981 there were approximately 550,000 shares of company stock issued and outstanding.

On June 15, 1981 at a special meeting, the Board of Directors adopted a resolution authorizing the purchase of 92,800 shares owned or controlled by Chapin S. Newhard or members of his family at $61.50 per share. Six of nine directors voted for the resolution, and two directors including Chapin S. Newhard were absent from the meeting. Director and defendant C. Wallace voted against the resolution. The six who voted for the resolution owned or controlled 155,010 shares of the outstanding 550,000 shares. On July 1, 1981 the shares were purchased as treasury shares, reducing the total of outstanding shares to approximately 457,200.

At another special meeting on July 15, 1982, the Board of Directors approved redemption of all shares of stock owned or controlled by John K. Wallace, Sr., Charles H. Wallace and other members of the Wallace family. Six directors voted for the redemption and one, defendant Barton, voted against it. Those who voted in favor of the resolution owned or controlled 8,850 of 457,200 outstanding shares. The redemption was accomplished on August 26, 1982 and Cupples acquired the 185,835 Wallace family shares at $74.73 per share. The issued and outstanding shares of the corporation were thus reduced to approximately 271,365 shares.

At the time of the Newhard and Wallace redemptions the retained earnings or earned surplus of the corporation were well in excess of the consideration paid for the shares. No violation of the requirements of § 351.390 RSMo 1978 occurred, nor is any such violation claimed. Plaintiffs allege, however, that the book value of the stock at the time of the Newhard redemption was $43.93 per share and at the time

of the Wallace redemption $47.44 per share. The petition does not plead in terms of redemption at a price in excess of fair market value. Further, the computation of book value at the time of the Wallace redemption included real and personal property owned by the corporation and carried at cost. Substantial appreciated values were credited by the Wallace family in accepting payment, part in cash and part by receipt of real estate and items of personal property. The directors of Cupples relied on an opinion of counsel that transferring real estate and personal property in exchange for redemption of company stock was an available means of avoiding future capital gains taxes.

At the time of each redemption the members of the Newhard and Wallace families who were then directors of the corporation resigned their office. Some of the noted business purposes for accepting redemption of these shares of stock "at a fair price" were to: (1) eliminate present ongoing dissension upon the Board; (2) promote orderly transaction of business; and, (3) eliminate divided loyalties.

On September 8, 1982 the company notified the shareholders of redemption of the Wallace shares. Subsequently, plaintiffs wrote each director offering to sell their 5,750 shares for $62.43 per share. The board declined the offer. However, it did submit to the shareholders of Cupples at an annual meeting held on March 31, 1986 proposals to ratify the purchase of the Newhard shares, purchase of the Wallace shares and reject offers of the Delahoussaye family. At the time of the annual meeting there was issued and outstanding, a total of 251,490 shares. A total of 227,-729 shares was represented in person or by proxy. The shareholders approved resolutions ratifying redemption of the Newhard and Wallace shares by identical votes of 186,115 For, 40,415 Against and 1,200 Abstaining. The shareholders approved the proposal to reject the Delahoussaye family offer by a vote of 192,165 For, 34,364 Against and and 1,200 Abstaining.

■ We find no error in dismissal of Count I of plaintiffs' petition for failure to state a cause of action. There are several factual and legal impediments to plaintiffs' claim of error. First, Cupples and its directors have no legal duty to ratably redeem shares. There is no statutory duty imposed on the directors under Chapter 351, The General and Business Corporation Law of Missouri. Nor is there any Missouri case law supporting plaintiffs' claim of right of ratable redemption.

In support of their claim plaintiffs cite *Forinash v. Daugherty*, 697 S.W.2d 294 (Mo.App.1985); *Fix v. Fix Material Co., Inc.*, 538 S.W.2d 351 (Mo.App.1976); *Kirtz v. Grossman*, 463 S.W.2d 541 (Mo.App. 1971); and, *Donahue v. Rodd Electrotype Company of New England*, 367 Mass. 578, 328 N.E.2d 505 (1975). There are no Missouri cases factually similar to the present case which support plaintiffs' position.

*Forinash v. Daugherty* is not decisive because that case involved a sale of the majority of shares and transferred control of the corporation to the purchaser who thereafter mismanaged the corporation to the detriment of the remaining minority shareholders, the plaintiffs. The verdict directing instruction presented to the jury the factual issue whether failure to communicate an offer to purchase "controlling interest" damaged plaintiffs. Count I of plaintiffs' petition in the present case does not allege sale of a controlling interest in either the Newhard or Wallace redemptions. *Kirtz v. Grossman* and *Fix v. Fix Material Co., Inc.* involve suits by minority shareholders to protect the value of their shares in a liquidation. Liquidation is a statutory proceeding under § 351.485 RSMo 1986. "A suit to compel liquidation under the Missouri Statute is an equitable action." *Fix*, 538 S.W.2d at 354. *Fix* and *Kirtz* hold a minority shareholder in a closely held corporation is entitled to equal treatment in liquidation proceedings. These cases do not hold that minority shareholders are entitled to ratable redemption where directors, for business purposes, redeem some outstanding shares, particularly where the decision is made for the corporation by directors who own and control less than a majority of the shares.

The Massachusetts court in *Donahue v. Rodd Electrotype Company of New England,* 367 Mass. 578, 328 N.E.2d 505, 518 (1975) held a "controlling group" of a "close corporation" could not cause the corporation to buy shares from the "controlling group" without making the same offer to other shareholders. In *Donahue,* there were five shareholders: Harry Rodd, his two sons, the plaintiff and plaintiff's son. The redemption was approved by directors consisting of Harry Rodd's two sons and his personal attorney. The court adopted a *per se* rule that the redemption was improper, thus warranting setting aside the sale or, in a proper case, the purchase of the minority shares on the same terms. However, Count I of plaintiffs' petition does not allege that defendant directors owned or controlled a majority of the stock issued and outstanding when they approved redemption of shares within such group. We also know from the record developed as summary judgment facts relating to Count III that the directors who approved the redemption of the Newhard and Wallace shares did not own or control a majority of the issues and outstanding shares. It is not alleged that either the Newhards or the Wallaces participated in Cupples' decision to redeem their shares. We find the application of a *per se* rule of absolute equal treatment of minority shareholders applied in *Donahue* factually inapplicable to plaintiffs' allegations in Count I. Further, Massachusetts courts subsequently adopted a "legitimate business purpose" test in place of a *per se* rule. *Leader v. Hycor, Inc.,* 395 Mass. 215, 479 N.E.2d 173, 177 (1985). A position similar to the one argued by plaintiffs in the present case was rejected in *Toner v. Baltimore Envelope Co.,* 304 Md. 256, 498 A.2d 642 (1985), *Grobow v. Perot,* 539 A.2d 180, 189 (Del.1988), and *In re General Motors Class E Stock Buyout Securities Litigation,* 694 F.Supp. 1119, 1135 (D.C.Del.1988). We believe the better approach is an application of the business judgment rule.

Second, Count I does not allege any facts which rely on a shareholder's statutory right or a special obligation. In the absence of such right or special obligation

plaintiffs have no individual cause of action for damages which are the indirect result of a breach of duty by directors of a corporation. An example of a statutory obligation may be found in *Dawson v. Dawson,* 645 S.W.2d 120, 126 (Mo.App.1982) where the court held the trial court erred in dismissing a shareholder suit for an accounting. The court recognized the individual statutory right to inspect records, § 351.215 RSMo 1978. An example of a special obligation was noted in *Massie v. Barth,* 634 S.W.2d 208, 211 (Mo.App.1982) where plaintiffs claimed a director and a trustee of a trust had a fiduciary obligation as director and a special fiduciary obligation as a trustee which created standing for plaintiffs to bring an individual claim. In *Gieselmann v. Stegeman,* 443 S.W.2d 127 (Mo.1969) the court considered a petition to appoint a receiver for the corporation and to void a stock transaction to a shareholder. The court affirmed an order of the trial court appointing a receiver and voiding the stock transaction. It noted that the gravamen of the petition was a *direct* injury to the plaintiffs as individuals and that the evidence proved direct injury resulting from acts of fraud by defendants who thereby seized control of the corporation.

In *Gieselmann* the court recognized:

Actions based upon torts where the injury is done directly to an individual shareholder, director or officer as such, depriving him [a shareholder] of his rights, for instance, wrongfully expelling him or refusing to allow him to inspect the corporate books and records, are actions which may be brought by shareholders as individuals, ... and are not required to be brought as derivative actions.

*Gieselmann,* 443 S.W.2d at 131. However, "[o]rdinarily an action based on acts relating to the capital stock as an entirety is a corporate cause of action and cannot be sued for by a shareholder merely as an individual." *Id.* If the acts complained of relate to the stock as a whole and work an injury to the rights belonging to a shareholder individually, "as where an unlawful

increase of stock ousts the complaining shareholders from their position as controlling shareholders," the action is individual and not derivative. *Id.* at 132.

■ Count I of the petition does not allege a tort granting plaintiff an individual cause of action nor direct damage depriving plaintiffs of any special right. Count I proceeds entirely on a theory that because the directors redeemed the shares of other minority shareholders it must redeem plaintiffs' shares. In the absence of statutory support or some special obligation, plaintiffs' allegations failed to state a cause of action even if the directors paid more than fair market price for the redeemed shares. Plaintiffs, as individuals, allege in Count II that the directors did pay more than a fair price for the Newhard and Wallace shares. Such an allegation does not create an individual cause of action, as plaintiffs argue, merely because an overpayment constitutes a breach of a fiduciary duty of directors owed to shareholders.

> Although the fiduciary relationship of a director or officer of a corporation to shareholders is well-recognized, ... that relationship is generally held to be between the directors and the shareholders as a whole. Corporate shareholders cannot in their own right and for their own personal use and benefit maintain an action for the recovery of corporate funds or property improperly diverted or appropriated by the corporation's officers and directors. *Dawson*, at 125.

We also find no error dismissing Count II for failure to state a cause of action. This count relies entirely on a claim the defendant directors breached a fiduciary duty because they redeemed the Newhard and Wallace shares for more than their "book value." This is an attempt to allege indirect injury, when direct injury is necessary for plaintiffs to have an individual cause of action. *Id.* at 125.

■ Plaintiffs' last claim of error is the court erred in granting summary judgment on Count III of the petition. Count III is a shareholders derivative suit brought on behalf of Cupples because the redemptions constituted "illegal, fraudulent and ultra vires acts upon the company." We find there remains no genuine issue as to any material fact and the court did not err in ruling defendants were entitled to judgment as a matter of law. In support of their motion defendants filed an affidavit of Allan S. Barton who was a shareholder, director and secretary of the Board of Directors from 1966 through December 1986. No counter affidavit was filed. The facts set forth in the affidavit therefore are deemed admitted. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243 (Mo. banc 1984). The important fact contained in the affidavit is that the redemption of the Newhard and Wallace shares was ratified by the shareholders prior to plaintiffs' petition, Count III. Stockholder ratification is basically a specific application of the business judgment rule, long recognized and applied in our courts. This rule was noted in *Saigh v. Busch*, 396 S.W.2d 9 (Mo.App.1965). In that case we recognized that stockholders have the right to consider the conduct of the Board of Directors and ratify, if they wish, any act of the directors, provided the act is not ultra vires, illegal or fraudulent. *Id.* at 21. Acts which may constitute a breach of fiduciary duty or are imprudent may be ratified by the shareholders and such ratification will bar suit even though defendants held a majority of the stock. *Broski v. Jones*, 614 S.W.2d 300, 304 (Mo. App.1981). The bar of ratification extends only to acts which directors justify as matters of judgment, made fairly and in an honest manner. It does not apply to ultra vires, illegal or fraudulent acts. In Count III plaintiffs allege mere conclusions of illegality, fraud and ultra vires acts, but the summary judgment facts are otherwise.

■ Director and defendant Dalton filed an unopposed affidavit which disposes of the factual allegations in Count III. Two of these allegations assert insider trading by Newhard and Wallace, and redemption at greater than book value. The Barton affidavit disproves both allegations and the fact that Cupples paid more than book value is of no significance where fair market value is not an issue. Failure to inform

defendants before the Newhard and Wallace redemptions or to redeem plaintiffs' shares merely because they redeemed the Newhard and Wallace shares was not illegal, fraudulent or ultra vires. The allegations that the redemptions decreased the company's net worth and Newhard and Wallace profited from the redemptions at the expense of the company are unsupported in light of the Barton affidavit. Further, the allegations in Count III do not satisfy the requirements of Rule 55.15 which require fraud to be pleaded with particularity. A corporation may purchase its own shares provided there is sufficient earned surplus and the repurchase does not reduce its net assets below its stated capital, § 351.390 RSMo 1978. It is not illegal to redeem shares under circumstances which reduce the net worth of the company but do not violate the restriction. *Wolgin v. Simon*, 722 F.2d 389, 393 (8th Cir.1983). Cupples did not violate this restriction and complied with the requirements of § 351.390 RSMo 1978.

Accordingly, the summary judgment facts are sufficient to support a finding that ratification of the acts of redemption is a bar to the derivative action alleged in Count III. The business judgment decision to redeem the Newhard and Wallace shares was ratified by the shareholders, and the acts of the directors were not illegal, fraudulent or ultra vires.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.