Michael S. GOODWIN et al., Appellants,

v.

James P. GOODWIN et al., Respondents.

No. 40649.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1979.

Jules Q. Strong, Tyree C. Derrick, St. Louis, for appellants.

R. E. Keaney, St. Louis, for respondents.

REINHARD, Presiding Judge.

This is a stockholders' derivative action in which plaintiff stockholders sought from certain directors of the corporation the recovery of money improperly borrowed from the corporation and not repaid. Plaintiffs appeal from the dismissal of their second amended petition for failure to state a claim on which relief could be granted. The petition was dismissed for failure to allege either facts showing that plaintiffs had made demands on the Board of Directors for relief or facts showing that such demands would have been futile.

In reviewing the granting of a motion to dismiss for failure to state a claim on which relief could be granted, the appellate court is confined to the face of the petition. On such review, the court shall accept as true all facts well pleaded in the petition and shall construe the petition liberally, giving the pleader the benefit of all reasonable inferences fairly deducible from those pleaded facts. *Morgan v. Morgan*, 555 S.W.2d 378, 380 (Mo.App.1977); *Kipper v. Vokolek*, 546 S.W.2d 521, 524 (Mo.App. 1977). If the facts pleaded and all reasonable inferences, considered in the light most favorable to plaintiffs, show a basis for relief, the petition should not be dismissed. *Trotter v. Sirinek*, 515 S.W.2d 67, 67–68 (Mo.App.1974). With these principles guiding us, we turn our judicial scrutiny upon the plaintiffs' petition.

Plaintiffs' second-amended petition, the object of the court's dismissal, makes the following allegations as a basis for the relief sought by plaintiffs. The named plaintiffs are Michael Goodwin, Thomas R. Goodwin and Mercedes G. Strong; the named

defendants are James P. Goodwin and Daniel J. Goodwin, both individually and as trustees of a trust created by Joseph T. Goodwin. Plaintiffs bring this action for the benefit and on behalf of Goodwin Brothers Printing Company, a Missouri corporation. Of the 1500 shares of stock issued by Goodwin Brothers Printing Company, all but 192½ shares are owned by the plaintiffs and defendants, in the following amounts: Mercedes Strong—176⅔ shares; Thomas Goodwin—176⅔ shares; Michael Goodwin—176⅔ shares; James P. Goodwin —388¾ shares; and Daniel J. Goodwin— 388¾ shares.[1] The Board of Directors of the subject corporation comprises the following five members: James Goodwin, Daniel Goodwin, Patrick Goodwin, Michael Goodwin and Mercedes Strong. As well as being directors, the defendants are also officers of the corporation.

The petition then goes on to allege certain improprieties against defendants, purportedly involving the improper withdrawal by Daniel Goodwin and Joseph Goodwin of corporate assets and the failure to repay these amounts to the corporation. The allegations regarding Joseph Goodwin also complain of his creation of a trust, with defendants as trustees, the purpose of which was allegedly to avoid the repayment of the corporate funds, all contrary to the laws of this state. Such conduct is further alleged to be to the injury and damage of the corporation. In regard to the conduct of Joseph Goodwin and to his trust, the petition makes the general allegations that the said officers and agents of the corporation have failed and still refuse to take any action for the benefit of the corporation concerning the trust.

Paragraph 17 of the petition contains the allegations most directly touching the issue of this appeal. For that reason, we quote its relevant portions:

. . . Plaintiffs further state that demand was made upon the defendants, James P. Goodwin and Daniel J. Goodwin, as directors of the defendant corporation that they take appropriate action to collect the funds . . . wrongfully withdrawn from the said corporation, but that the said defendants failed and refused to take any action to collect the . . money due the corporation, . . . and plaintiffs made demand upon James P. Goodwin and Daniel J. Goodwin as directors and as shareholders of the . . [corporation] to take action to collect the sums due, but that they as directors or stockholders failed to take any action to do so.

Plaintiffs next allege in Paragraph 18 that, in discussions concerning this matter, defendants referred plaintiffs to defendants' attorney and that requests for action were made on defendants as directors and stockholders through their attorney, but that defendants as directors and stockholders have still "failed and refused to take any action to alleviate or recover the misappropriated funds." The petition makes further allegations not significant to this appeal and concludes with a prayer for judgment against defendants, individually and as trustees.

Defendants assert that the petition failed to properly allege facts showing that plaintiffs had made the requisite demand for relief on the Board of Directors, and that therefore the court was correct in dismissing the petition. Plaintiffs contend that their petition, when liberally construed, contains the necessary allegations of demand on the directors, or in the alternative, alleges facts which show that such demands would have been futile. The current of the law carries us to defendants' position.

■ The law is well-settled as to the elements necessary to maintain a derivative action by shareholders in a corporation. To withstand a motion to dismiss in such a derivative action, a petition must allege "with particularity" that plaintiff has made demand upon the Board of Directors to take remedial action on behalf of the corpora-

1. Goodwin Brothers Printing Company is the alleged record owner of the remaining 192½ shares.

tion, and that effort failing, that plaintiff has unsuccessfully sought action by the stockholders as a body. To come within the exception to this requirement, the plaintiff must allege a state of facts from which it appears that such efforts or demands would have been useless and unavailing. Rule 52.09; *Saigh v. Busch*, 396 S.W.2d 9, 17 (Mo.App.1965), citing *Punch v. Hipolite Co.*, 340 Mo. 53, 100 S.W.2d 878, 884 (1936); *Goldstein v. Studley*, 452 S.W.2d 75, 78 (Mo. 1970). Failure to allege either the making of the demand or facts excusing that requirement will warrant dismissal of a petition for failure to state a cause of action. *Saigh v. Busch*, 396 S.W.2d 9.

 Accepting as true the allegations in plaintiffs' petition, we find that the corporation had five directors, two of whom were defendants, two of whom are plaintiffs, and the fifth of whom was Patrick Goodwin. Although plaintiffs did allege that they made demand on defendants, and assuming they not need allege a demand on themselves, they nevertheless failed to allege any demand on Patrick Goodwin, the fifth and deciding director. Nor did they make any allegations to justify the conclusion that, if asked, Patrick Goodwin would refuse to follow his duty as a director. *Punch v. Hipolite Co.*, 340 Mo. 53, 100 S.W.2d 878, 885. These omissions are fatal to their petition. The failure to allege any demand of director Patrick Goodwin, assuming a split between defendant directors and plaintiff directors, results in the petition's failing to show the necessary demand on the Board of Directors.

Moreover, we cannot find that facts alleged showed the futility of such a demand. In this case, although the defendants did control a majority of the stocks of the corporation, they did not constitute a majority of the Board. See *O'Maley v. ISC Industries, Inc.*, 519 S.W.2d 346, 349 (Mo.App. 1975). Assuming that defendants would have refused to take action against themselves, a request of all the members of the Board might have resulted in a 3–2 majority favoring the action requested by plaintiff. As noted above, there was no allega-

tion tending to show that the unasked director would have refused the requested action. The plaintiffs failed to bring their petition within the exception excusing the necessary demand on the Board of Directors. For the above reasons, the dismissal of the petition was proper.

Judgment affirmed.

GUNN and CRIST, JJ., concur.