**In re MARRIAGE OF COULTER.**

**Netta COULTER, Petitioner–Appellant,**

**v.**

**Dennis COULTER,**
**Respondent–Respondent.**

**No. 15316.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 2, 1988.

Marily Braun, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for petitioner-appellant.

**PER CURIAM:**

Petitioner Netta Coulter (plaintiff) appeals from a judgment and decree of the Circuit Court of Howell County by which

that court: 1) dissolved plaintiff's marriage to respondent Dennis Coulter (defendant); 2) approved a written separation agreement as prayed by both parties, and 3) awarded custody of the parties' children as agreed to and prayed for by the parties. The appeal is taken pursuant to a special order issued by this court in conformity with Rule 81.07(a).[1] Plaintiff's notice of appeal indicates she wishes to set aside the trial court's approval of the separation agreement because that agreement was based on fraud and was not "executed attendant to Dissolution of Marriage." The appeal is presented upon the legal file and a six and one-half page transcript generated at a hearing which the plaintiff did not attend.

As material in this court, the legal file shows that:

1. On August 22, 1986, plaintiff filed a petition for dissolution of marriage in the Circuit Court of Howell County. It was averred that the parties were married on January 3, 1970, and that they separated on or about July 27, 1986. It was further averred that two children were born of the marriage. The elder child was about 15 when the petition was filed; the younger child was not quite 10. Plaintiff averred that the parties had agreed they would have joint care and custody of the children in the event of a dissolution of their marriage. She further alleged that disposition of the marital estate had been agreed to on terms stated in a separation agreement. The petition was signed by the plaintiff "pro se" and was verified as required by § 452.310.2.

2. A separation agreement was attached to and incorporated into the petition. The agreement recites that it was made and entered into on August 21, 1986, 25 days after the parties separated and 1 day before the petition for dissolution was filed. Both parties signed and acknowledged the separation agreement.

3. On August 22, 1986, defendant acknowledged service of the petition as pro-

vided by Rule 43.01 and entered his general appearance in the cause for all purposes.

4. On December 22, 1986, the defendant again made an entry of general appearance and again acknowledged service of a copy of the petition as provided by Rule 43.01(d). On the same day the defendant filed an answer in which he admitted each and every allegation of the petition, reiterated that the parties had entered into a Property Settlement Agreement dated August 21, 1986, and prayed judgment accordingly. Also, an attorney entered an appearance for the defendant. Proof of service of these documents upon the plaintiff was made by written certificate of counsel as provided by Rule 43.01(d).

5. On January 5, 1987, a decree was entered as prayed by the plaintiff in her petition.

6. On February 6, 1987, the decree was amended nunc pro tunc to show that the plaintiff had not appeared when the cause was heard on January 5, 1987.

7. On August 3, 1987, the plaintiff applied to this court for leave to appeal out of time. The application was granted August 7, 1987.

The substance of the evidence presented at the hearing must be noted. The cause was called for hearing; plaintiff did not appear but the defendant appeared with counsel. Counsel for defendant was sworn and he testified that he had given plaintiff notice of the hearing by certified mail. Documentary proof of this service was received as exhibit 1. Defendant then testified that he had been a resident of this State for more than 90 days preceding the filing of the petition; that he and the plaintiff were married January 3, 1970, at Willow springs, in Howell County, and that he and the plaintiff separated on or about July 27, 1986. As we read the record, the defendant testified that the parties had gone through a period of reconciliation for a short time but had again separated.

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise spe-   cifically noted.

The defendant also testified that the parties were the parents of two children, Lori and Jaime. He further gave evidence that he and the plaintiff had entered into a property settlement which disposed of all their property and debts and further provided for custody of the children. Defendant also testified that the parties' marriage was irretrievably broken. The trial court announced that "care, custody and control of the minor children ... should be joint as between petitioner and respondent as to legal custody; that the actual primary care, custody and control, physical, shall be awarded to the respondent subject to reasonable visitation rights by the petitioner...." Such is the content of the record. The procedural regularity of the hearing of January 5, 1987, is not questioned in this court.

Plaintiff suggests that she was not given notice of the judgment entered as required by Rule 74.03, formerly Rule 74.78. The record does not affirmatively indicate that plaintiff was given notice of the judgment of January 5, 1987, or the court's modification of that judgment nunc pro tunc on February 6, 1987. Rule 74.03 gives a trial court jurisdiction to set a judgment aside within six months from its entry if a party not in default for failure to appear and who was not present in person or by attorney at the time of entry of the judgment was not served with notice of the entry of that order or judgment. Rule 74.03; *Brown v. General Motors Assembly Div.*, 695 S.W. 2d 501, 502 Mo.App.1985). The trial court's failure to give notice as required by Rule 74.03 is of no consequence on this appeal because Rule 74.03 requires a party entitled to the benefit of the rule to file a written motion within six months of the entry of the judgment. No such motion was ever filed.

■ Further, the plaintiff's first two points advance contentions which were never presented to the trial court. This is a bench-tried case. It may be conceded that present Rule 73.01(b) specifically provides that no after-trial motion is necessary to preserve any matter for appellate review. Nevertheless we have the view that even in court-tried cases, our review is limited to those issues put before the trial court. *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d 108, 112 [3, 4] (Mo.App.1985); *In re Marriage of Allen*, 681 S.W.2d 535, 539 [1, 2] (Mo.App.1984); *Young v. Smith by Burke*, 648 S.W.2d 916, 919 (Mo.App.1983). The arguments now advanced as points one and two were never presented to or passed on by the trial court and they cannot be considered for the first time on appeal.

■ Plaintiff's third point is that the trial court erred in awarding physical custody of the parties' minor children to the defendant because there is no finding or evidence that such an award is in the best interest of the children as required by § 452.375.2. Plaintiff argues that while the parties may convey their wishes as to the care, custody and support of their children to the court, the trial court has an absolute duty to make a determination that the desire of the parties is consistent with the best interests of the children. We agree that parents cannot bind a court by their agreement with respect to the custody of a child. *Turpin v. Turpin*, 570 S.W.2d 831, 833–34[1] (Mo.App.1978). *See also State ex rel. Perrella v. McGuire*, 757 S.W.2d 223 (Mo. App.1988). In this case, as we have indicated, only one party appeared. We do not know why the plaintiff did not appear. Custody was awarded upon consideration of only one of the relevant factors enumerated in § 452.375.2, i.e., the wishes of the children's parents as to their custody. It is not necessary and we decline to consider the extent to which the trial court should have inquired sua sponte. We conclude, however, that we should examine the award of custody as a discretionary exercise of our power to consider plain error pursuant to Rule 84.13(c).

The separation agreement is very indefinite concerning the custody of the parties' minor children. Paragraph One (1) of the separation agreement recites:

"1. That the parties have agreed that they shall have joint legal custody of the minor children born of the marriage, to wit: Lori June Coulter, d/o/b September 11, 1971; and Jaime Lynn Coulter, d/o/b

November 16, 1976, with the Husband to have the primary care, custody and control of the minor children and Wife to have all reasonable visitation."

██ The trial court's decree merely incorporated the separation agreement into the judgment. The transcript indicates only that the parties' two children are female children who were 15 and 11 years of age at trial time. We do not know where or with whom they were living when the decree was entered.

Section 452.375, as amended, Laws of Mo. 1986, H.B. 1479 § 1, was in effect when this case was tried. Section 452.375.-1(1) provided that:

"**'Joint Legal Custody'** means that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority...."

We shall not comment upon the merits of "joint custody."[2] It is sufficient to say that the sharing of "decision making" rights by divorced parents may be the source of continuous conflict between the parents. While the statute does not provide and we do not suggest what should be included therein,[3] § 452.375.4 in terms requires that any decree providing for joint custody shall include a specific plan setting forth the terms of such custody.

It has been held that in order to be final and appealable, a decree of dissolution of marriage must include an award of custody of the parties' minor children, where that is an issue. *Haldeman v. Haldeman*, 685 S.W.2d 570, 571 [2-4] (Mo.App.1985). We do not believe we can quite say that the trial court has not exhausted its jurisdiction in this case, but certainly the decree purporting to award custody is inadequate. Except as to the award of child custody, the judgment is affirmed. That part of the judgment or decree purporting to award custody of the parties' children is reversed. The cause is remanded for further consideration of the award of custody.

PREWITT, P.J., and HOGAN, FLANIGAN and MAUS, JJ., concur.

---

**2.** See Note, Missouri Joint Custody Law, 52 U.M.K.C.L.Rev. 625 (1984), L. Zerrer, Joint Custody and The New Missouri Statute, 40 J.Mo.Bar 495 (1984).

---

**3.** See Note, *supra,* n. 1, 52 U.M.K.C.L.Rev. at 634–35.