**Glenn Redford MILLER and Donna Jo Miller, Appellants,**

v.

**POOL AND CANFIELD, INC., Respondents.**

**No. WD 42379.**

Missouri Court of Appeals, Western District.

Dec. 4, 1990.

of defendant's sentencing status beyond a reasonable doubt. § 558.021.1(2), RSMo 1986.

W. Christopher Hodge, Knob Noster, for appellants.

R. Scott Gardner, Gardner, Gardner & Gardner, Sedalia, for respondents.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

NUGENT, Chief Judge.

Plaintiffs Glenn R. and Donna Jo Miller appeal from the order of the trial court granting the defendant's motion for summary judgment on the basis of collateral estoppel. We reverse and remand with instructions to stay entry of summary judgment.

The plaintiffs argue first that the trial court erred in entering summary judgment because collateral estoppel deprived them of their right to a jury trial, guarantied by the Missouri Constitution, Article I, section 22(a). Second, the Millers contend that collateral estoppel does not apply to their case because: the issues in their tort action in a Missouri court do not mirror those raised in Mr. Miller's prior claim in the federal Office of Workers' Compensation Programs (hereinafter OWCP); the federal decision did not constitute a judgment on the merits; and they did not have a full and fair opportunity to litigate Mr. Miller's case before the OWCP. Third, they maintain that the OWCP's decision cannot collaterally estop them from pursuing a tort action in state court because under 5 U.S.C. § 8131 and 20 C.F.R. § 10.500 they must maintain an action against the defendant.

Before discussing the September 19, 1985, accident from which this case arose, we first review the injuries that Mr. Miller had incurred earlier. According to his deposition testimony, in 1965 he fell from a riding mower and fractured a lumbar disk. Several months later he underwent a laminectomy and did not return to work until June 1, 1966. Mr. Miller further testified that in a 1972 automobile accident he suffered a whiplash injury, requiring several months of physical therapy but resulting in no permanent injury. In 1973, he said, he injured his back while lifting a sack of salt at work and filed a claim for workers' compensation.

Mr. Miller testified that the accident of September 19, 1985, occurred as he walked to his nightshift job through an unlighted construction site near his workplace at Whiteman Air Force Base. He tripped over a level line left in place, he alleged, by the defendant contractor's employees, severely injuring his back and lacerating his hands and knees. He further testified that, although he completed his shift, his body began to stiffen while he worked. The record reveals that the next day he visited his family's osteopathic physician, Dr. Kenneth D. Ridgeway, who took X-rays of Mr. Miller's upper back. The record also shows that he did not work from the

day after his fall until October 5, 1985. He then returned to work and continued working until October 15, but after that he did not return to work. In a letter dated November 20, 1985, Dr. Ridgeway stated that Mr. Miller's fall had caused "severe contusions and abrasions on both knees and palms" as well as "severe contusions to his lumbar and dorsal area" and "multiple small fractures of osteoarthritic spurs secondary to the trauma sustained in a fall." He further said that Mr. Miller's fall had neither exacerbated his 1965 disk injury nor disrupted the spinal fusion necessitated by that injury. He wrote that therapy had not corrected Mr. Miller's recent injuries and that the residuals from his fall rendered him " 'stoved up,' " concluding that Mr. Miller could no longer work because he could not carry out his usual duties.

According to Mr. Miller, Dr. Ridgeway saw him frequently from the time of his fall until April, 1987. During that time, Mr. Miller testified, Dr. Ridgeway prescribed various unsuccessful remedies, such as heat therapy, muscle relaxants, including Prednisone, and pain relievers such as Ibuprofen. In early 1986, Dr. Ridgeway referred Mr. Miller to an orthopedic surgeon, Dr. Peter C. Boylan, who x-rayed his back. Dr. Boylan found that Mr. Miller had continuing pain from his shoulders to his lower lumbar area. Further, Dr. Boylan noted Mr. Miller's twenty-year history of back problems and found that he suffered from a progressive ankylosis, or stiffening, "of the vertebrae in the dorsal area and extending down to the lumbar area." Dr. Ridgeway concluded that Mr. Miller suffered from back pain so severe that he could move or drive only for very short periods of time.

Claimant Miller testified that by April, 1987, his back pain had become so severe that Dr. Ridgeway gave him an intramuscular injection of cortisone, which failed to alleviate the pain. Dr. Boylan gave him three spinal blocks that Mr. Miller testified merely reduced the pain and swelling in his back but did not solve his back problems.

The claimant filed a claim for workers' compensation based upon the injuries he alleges he received on September 19, 1985. On November 7, the United States Department of Labor sent Mr. Miller a letter informing him that, under 5 U.S.C. § 8131, if his injuries implicated a third party, the Secretary of Labor could require him to prosecute an action against that party. A claims representative for the department denied his claim on April 14, 1987, finding that Mr. Miller had failed to show that the condition for which he claimed benefits resulted from an injury related to his work.

On August 18, 1987, the department convened a hearing to review the denial of Mr. Miller's benefits. He presented evidence, but on October 13 the hearing officer upheld the denial of benefits, finding that Mr. Miller had failed to sustain the requisite burden of proof: "a rationalized medical opinion, based on a complete and accurate factual and medical history, showing the causal relation claimed." In a letter dated June 27, 1989, Mr. Miller requested reconsideration of the hearing officer's decision, and on July 17 the department denied reconsideration.

The plaintiffs filed suit in the circuit court of Johnson County, alleging that the defendants' negligence caused Mr. Miller's injuries, and the defendants moved for summary judgment on the ground of collateral estoppel. On June 28, 1989, the trial court held a hearing on the motion, and on July 28, without entering findings of fact or conclusions of law, it granted the motion.

■ In addressing an appeal of a summary judgment, we review the entire record in the light most favorable to the party against whom the court entered summary judgment. *Fisher v. Scott & Fetzer Co.,* 664 S.W.2d 662, 663 (Mo.App.1984).

■ We may not review the plaintiffs' first point on appeal, wherein they contend that in granting the motion for summary judgment the trial court denied them their right to a trial by jury guarantied by Article I, § 22(a) of the Missouri Constitution. They concede that they raised this point in neither the summary judgment hearing nor their subsequent motion for a new trial,

but contend that under Rule 73.01(b)[1] and *Stevenson v. Stevenson*, 618 S.W.2d 715, 717 (Mo.App.1981), they may raise this point for the first time on appeal.

■ *Stevenson*, however, holds only that a party appealing from the judgment in a court-tried case may raise on appeal issues not included in the party's motion for a new trial. 618 S.W.2d at 717. Here, the plaintiffs seek "review" of issues they never raised at the hearing. Although Rule 73.01(c) permits an appellate court to gather and review admissible evidence proffered by a party but rejected by the trial court, an appellate court may not address issues not raised at trial. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo.1982) (en banc), *appeal dismissed*, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *In re Marriage of Coulter*, 759 S.W.2d 642, 644 (Mo.App.1988). Similarly, a party may seek review on appeal only of constitutional questions raised at the trial court level. *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 639 (Mo.1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988).

In their second point on appeal, the plaintiffs maintain that the trial court erred in entering summary judgment based on collateral estoppel because that doctrine does not apply to their case. They argue that the defendants failed to show circumstances sufficient to meet the doctrine's four-prong test.

■ Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327, 329 (Mo.1987)[2]. The doctrine applies not only to determinations by

courts but also to those by administrative bodies when a party has sought relitigation in a circuit court. *Bresnahan, supra.*

■ To invoke collateral estoppel, a party must show that (1) the issue decided in the prior adjudication mirrors that in the present action; (2) the prior adjudication resulted in a final decision on the merits; (3) that the party against whom collateral estoppel may apply participated as "a party or in privity with a party to the prior adjudication;" and (4) that the party against whom the doctrine may apply has had a full and fair opportunity to litigate the issue (the "fairness doctrine"). *Bresnahan, supra*, at 330; *Oates v. Safeco Ins. of America*, 583 S.W.2d 713, 719 (Mo.1979) (en banc); *Integrity Ins. v. Tom Martin Constr. Co.*, 765 S.W.2d 679, 683 (Mo.App. 1989).[3]

■ We find no merit in the plaintiffs' first argument that, because the medical determinations of injury required for recovery under the federal workers' compensation system differ from the requirements of Missouri tort law, the factual issue of Mr. Miller's back injuries, determined in the earlier administrative hearing, differs from the same question raised in the summary judgment hearing. Citing 20 C.F.R. § 10.110, they correctly point out that federal law requires a workers' compensation claimant to submit "rationalized medical opinion evidence" linking "the claimed condition and the Federal employment." The plaintiffs maintain that under Missouri tort law, however, the plaintiff must prove "with reasonable medical certainty that an accident caused an injury." Further, the plaintiffs argue that, since Missouri tort law does not require expert medical testimony to prove obvious injuries such as amputations, whereas the federal workers' compensation system still requires "a rationalized medical opinion," the difference

---

1. All citations to Rules refer to Missouri Rules of Court, 1990.

2. Because the Missouri Supreme Court has heard en banc all cases since October 28, 1982, we do not include "en banc" in our citations to that court's decisions after that date.

3. The plaintiffs do not deny that the test's third prong applies here, contending instead that its other three prongs do not.

between the two burdens of proof renders the issue in question different.

The question of obvious injuries plays no role here because no question arose regarding the obvious injuries resulting from Mr. Miller's fall, the department having conceded the obvious lacerations to his hands and knees. Those injuries healed quickly. The back injuries upon which he bases his claim, however, do not fall in the category of obvious injuries. Therefore, a medical opinion must permit the trier to determine the extent of those unseen injuries.

Further, we have found no definition of "rationalized medical opinion" in either federal case law or federal statutes and regulations. Likewise, an extensive research of Missouri cases and legal periodicals has produced no definition of "a reasonable medical certainty," and, therefore, we apply the common everyday meanings of both terms to ascertain their definitions.

*Black's Law Dictionary*, 1979, at 1138, lists "rational" as a synonym for "reasonable", and *Webster's Third New International Dictionary*, 1971, at 1885 and *Webster's Dictionary of Synonyms*, 1951, at 680, makes "rational" synonomous with "reasonable." Although a rational argument exists that the verb "rationalize" can mean "explain," and "justify," *Webster's Third New International Dictionary, supra,* at 1885, we can reasonably conclude that the author of "rationalized medical opinion" did not distinguish between the meanings of the verb and the adjective, hastily concluding that both meant the same thing, or, in the words of Alice and the March Hare, that they said what they meant and meant what they said.

Moreover, we find no merit in the plaintiffs' argument that, under the fourth prong of the collateral estoppel test, they did not have a full and fair opportunity to litigate the issue in the prior suit. *Integrity Ins. Co., supra,* 765 S.W.2d at 683–84, divides this prong into four questions: (1) whether the person opposing estoppel had a strong incentive to litigate the first ac-

tion; (2) whether the second forum may afford the party opposing estoppel procedural opportunities not available in the first action; (3) whether the judgment upon which estoppel rests does not comport with one or more prior judgments; and (4) the first action's forum may have substantially inconvenienced the party opposing estoppel. *Id.*

The plaintiffs have failed to address these points in their brief, but we address them based upon our review of the record. First, Mr. Miller had a strong incentive to claim recovery under the federal workers' compensation system for injuries received during worktime on a military base. Second, at the administrative hearing, he had the opportunity to introduce medical evidence supporting his claim and, indeed, did introduce there the very medical evidence that he later introduced at the hearing on the motion for summary judgment. Third, since no prior decisions regarding Mr. Miller's claim existed before the October 13, 1987, hearing, that decision conflicted with no prior decisions. Fourth, Kansas City, the forum for Mr. Miller's administrative hearing, did not inconvenience him geographically or in any other way.

■ We must reverse, however, because the administrative hearing did not constitute a judgment on the merits as required under the second prong of the collateral estoppel test, finality. The plaintiffs contend that, although they did not file their request for reconsideration within twelve months of the hearing decision [4], 10 C.F.R. § 10.138(2), 5 U.S.C. § 8128(a) of Title 5 U.S.C., which provides that "the Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application," permits departmental discretionary review of a request for reconsideration made even after the twelve-month deadline.

The plaintiffs submitted to the trial court a decision by the Employees' Compensation Board remanding a denial of benefits, holding that under 5 U.S.C. § 8128(a) the de-

---

4. As noted, Mr. Miller requested reconsideration on June 27, 1989, nearly two years after the

administrative hearing officer denied his claim.

partment had abused its discretion by not reopening a hearing officer's decision merely because the claimant had requested reconsideration more than twelve months after the hearing officer's denial. *See In the Matter of Leo G. Detherage,* U.S. Dept. of Labor, Employees Compensation Appeals Board, No. 87–1943 (July 28, 1988) at 4. We cannot hold that the trial court erred in concluding that the department had rendered a final decision, because *Detherage* did not necessarily portend an automatic remand of the decision on Mr. Miller's claim. Indeed, 5 U.S.C. § 8128(b) describes the type of hearing decision rendered in Mr. Miller's case as final as well as unreviewable by the courts.

While their appeal remained pending before this court, however, the plaintiffs submitted and called to our attention a decision by the board remanding the denial of Mr. Miller's claim. *See In the Matter of Glenn R. Miller,* U.S. Dept. of Labor, Employees Compensation Appeals Board, No. 90–169 (March 27, 1990). There, the board held that the department *must review* the reconsideration request, although made outside the twelve-month limit, "to determine whether the application presented clear evidence that the Office's final merit decision was erroneous." *Id.* at 4.

Although mindful that "[w]e must take the record as it comes to us and it cannot be supplemented by extraneous matter not found in the transcript nor conceded by adverse counsel," *Pretti v. Herre,* 403 S.W.2d 568, 569 (Mo.1966); *In re Marriage of Whittier,* 734 S.W.2d 949, 951 (Mo.App. 1987), we cannot ignore this new development. Had the order remanding Mr. Miller's claim decision appeared at the summary judgment hearing, it would have compelled the court to deny summary judgment based on collateral estoppel because his claim would not have undergone a *final* determination by the department. We would commit a grave injustice were we to hold, despite our current knowledge, that the trial court had before it a final judg-

ment, merely because at that time the trial court believed that the department had entered a final judgment.

■ In *Williams v. Anderson Air Activities,* 319 S.W.2d 61, 66 (Mo.App.1958), an intervening decision by the Supreme Court that changed an aspect of Missouri's Workers' Compensation laws required the court of appeals to remand a cause of action to the commission for reconsideration in light of that decision. There, the court held that to affirm an award "based upon the then erroneous interpretation of the law rather than a process of reasoning on the facts alone would be the pursuit of form over substance." *Id.* Generally, an intervening decision by a higher court requires a lower court to render its decision based upon that change in the law, *Carpenter v. Wabash Ry. Co.,* 309 U.S. 23, 27, 60 S.Ct. 416, 418, 84 L.Ed. 558 (1940); *Dietz v. Humphreys,* 507 S.W.2d 389, 392 (Mo.1974), and the question of finality constitutes a question of law.

We find ourselves in an analogous situation. The federal board has remanded the denial of Mr. Miller's claim. Its decision has the effect of an intervening and controlling decision by changing the legal status of the denial from an apparently final decision to a clearly unresolved question. Therefore, the defendants have failed to prove the second prong of the collateral estoppel test, and we must reverse the trial court's judgment, remanding it to that court and instructing the court to stay its decision pending the outcome of the reconsideration of Mr. Miller's federal workers' compensation claim. To act otherwise indeed "would be the pursuit of form over substance."

■ In their third and final point on appeal, the plaintiffs maintain that the administrative hearing decision could not collaterally estop them from pursuing a civil action against the defendants because the department required them to pursue such an action against third parties.[5] Under 5

**5.** At the hearing on summary judgment, the defendants referred to Ms. Miller's claims, based on loss of consortium, as an action derivative to her husband's worker's compensation claim. The plaintiffs made no objection, and

U.S.C. § 8131(a)(2) and 20 C.F.R. § 10.500, require a workers' compensation claimant to pursue an action against a potentially liable third party, and in a letter dated November 7, 1985, the department informed Mr. Miller of this.

Nevertheless, a requirement that a claimant pursue a legal action does not guaranty that a court entertaining that action must agree with the claimant's arguments. Under the plaintiffs' reasoning, collateral estoppel could never play a role in adjudicating prior workers' compensation claims, even when the same issues arise in both actions, and they ask us to carve out an exception to the concept of issue preclusion that undercuts the goal of eliminating redundant actions. We reject that argument, mindful that the authors of the statute and regulation did not contemplate that their statutory and regulatory provisions would require courts to adjudicate actions already decided. In addition, the statutory and regulatory language applies only to the claimant, and thus the provisions do not require a claimant's spouse to pursue a cause of action.

For the foregoing reasons, we reverse the judgment of the trial court and remand it with instructions to stay an entry of summary judgment pending the outcome of the remand of Mr. Miller's claim for workers' compensation.

did not raise the issue of the independence of her claims either at the hearing or in their brief.