William V. McLEESE, Appellant,

v.

J.C. NICHOLS COMPANY, a Corporation, Lynn L. McCarthy and Clarence L. Roeder, Respondents.

No. WD 45127.

Missouri Court of Appeals,
Western District.

July 28, 1992.

Jim Tom Reid, Kansas City, Robert Plotkin, Chicago, Ill., for appellant.

Larry L. McMullen, Michael Thompson, Martin L. Loring, Kansas City, for J.C. Nichols Co.

R. Lawrence Ward, William E. Quirk, Kansas City, for Lynn McCarthy.

Reed O. Gentry, Robert R. Barton, Kansas City, for Clarence L. Roeder.

Before LOWENSTEIN, C.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Appellant appeals from a summary judgment entered in favor of the respondents by the Circuit Court of Jackson County, Missouri.

This is a shareholder's derivative action, alleging a breach of fiduciary duty. Appellant's amended brief raises six points of error: (1) summary judgment was improper because the trial court failed to follow the law requiring that no genuine issue of fact exist, examination of the record in the light most favorable to the plaintiff, and that judgment be based on admissible evidence; (2) in finding the "business judgment rule" applied; (3) in relying on incompetent evidence in that defendants' affidavits were conclusory and not based on personal knowledge; (4) because even consid-

ering incompetent evidence, facts essential to the court's ruling remain unresolved; (5) in not allowing appellant to conduct any discovery; and (6) in denying appellant's motion for leave to file a second amended petition.

The appellant alleges that respondent Lynn L. McCarthy, as President and Chairman of the Board of respondent J.C. Nichols Company ("Nichols"), breached his fiduciary duty to Nichols by causing it to loan $1.35 million to Air One, Inc. in August 1984; that McCarthy was a director and stockholder in Air One; and that the loan was for McCarthy's benefit and against the interest of the Company. Appellant also alleges that Clarence L. Roeder, Vice President, Secretary and a director of Nichols, aided and abetted McCarthy in denying appellant access to the information he requested. Appellant made demand on Nichols' Board of Directors to initiate a lawsuit regarding McCarthy's actions but the Board refused.

Motions to dismiss for failure to state a claim were filed by all respondents and, subsequently, appellant moved for leave to file his first amended petition, which motion was granted. In his amended petition, appellant alleges McCarthy violated his fiduciary duty to Nichols by causing it to purchase stock in Air One, Inc. and to extend two loans to Air One. The amended petition also alleges McCarthy controlled the Nichols Board of Directors and that the transactions with Air One benefitted only McCarthy.

Appellant alleges Nichols made loans to Air One of $1,645,000 during 1982 and 1983. Subsequently, Nichols acquired 804,500 shares of Air One stock. On August 16, 1984, the board loaned an additional $1,350,000 to Air One and secured the loan with a second lien on Air One's accounts receivable and spare parts inventory. As early as June 30, 1983, Air One's financial outlook was bleak. Air One's net losses were over $13,000,000 and in its prospectus advised potential investors that its stock was speculative and involved "a high degree of risk and immediate substantial dilu-

tion." Air One filed for bankruptcy on October 26, 1984.

The parties stipulated to a suspension of the proceedings to allow counsel for Nichols time to review the facts underlying the matter and plaintiff's allegations pertaining thereto. The circuit court issued an order suspending the proceedings for 120 days, and further providing that counsel for Nichols conduct such a review and that the conclusions and recommendations drawn therefrom be furnished to all counsel. This time was extended to July 12, 1990.

Counsel for Nichols did conduct an investigation and prepare a report detailing his findings and recommendations to the Board of Directors, furnishing a copy to appellant's counsel. On July 10 and July 11, 1990, counsel for Nichols met with the Board to review and discuss the report. At the July 11 meeting, the Board, without the participation or presence of McCarthy and Roeder, adopted a resolution ratifying all acts of the directors and officers of Nichols in connection with Air One transactions, found the stockholder's lawsuit was not in the best interest of Nichols and its shareholders, and instructed its counsel to seek dismissal of the action.

Nichols' counsel filed a motion for summary judgment with supporting affidavits from Walter Janes, Treasurer, member of the Board of Directors since 1978, and a member of the Executive Committee of the Board of Directors during most of the relevant time, and Dr. George Russell, Chancellor of The University of Missouri at Kansas City and an outside director.

According to the Janes affidavit, the allegations against McCarthy are false. The Board was aware of McCarthy's involvement with Air One and the Executive Committee of the Board authorized the transactions with Air One prior to their consummation. On several occasions between 1982 and 1984, the Board discussed the Air One transactions and in October 1983 and November 1984, ratified the Executive Committee's decisions. Nichols' involvement with Air One was based on the

Board's belief that Nichols stood to make a substantial profit.

Dr. Russell's affidavit contains relevant portions of the text of the minutes of the July 11, 1990, meeting of the Board of Directors in which the Board, by a unanimous vote, ratified the transactions with Air One and all actions of McCarthy and Roeder in connection with those transactions. The Board also concluded that the McLeese lawsuit was not in the best interest of Nichols or its shareholders.

■ Before addressing the specific points raised by appellant it is well to note the rules applicable to summary judgments. "[A] party confronted with a summary judgment motion supported by affidavits must set forth specific facts showing that there is a genuine issue of fact for trial." *Spuhl v. Shiley, Inc.*, 795 S.W.2d 573, 577 (Mo.App.1990). Summary judgment cannot be granted if a genuine issue of material fact exists. *Id.*

> [W]hen a motion for summary judgment is supported by affidavits ..., an adverse party cannot rely solely upon his pleadings or argue that he has evidence for trial that will disclose issues of fact, rather the adverse party must come forward with affidavits, depositions, or other evidence showing that a genuine issue of material fact exists. *Jones v. Fireman's Fund Ins. Co.*, 792 S.W.2d 404, 409 (Mo.App.1990).

If the plaintiff can make a case on any plausible theory, summary judgment for the defendant is inappropriate. *Manar v. Park Lane Medical Center*, 753 S.W.2d 310, 314 (Mo.App.1988).

Appellant's Points I through V allege trial court error in granting summary judgment.

### I

In appellant's Point I, he asserts that the trial court erred in failing to follow the law as it pertains to granting summary judgment, which requires (1) that no genuine issue of fact exist, (2) examination of the record in the light most favorable to plaintiff, and (3) that the summary judgment be based on admissible evidence.

Appellant, however, sets forth only statements of law without showing a relationship between the law and any action or ruling of the court. This is contrary to Rule 84.04(d). The appellant, in his conclusion to Point I, states that he will address the issue with specificity in his points following. We, therefore, will do likewise. Appellant's Point I is denied.

### II

■ In his Point II, appellant alleges the granting of summary judgment is error because such ruling necessarily holds that illegal, fraudulent or *ultra vires* acts can be ratified by a Board of Directors under the "business judgment rule," which is not the law. It is clear from the record that a thorough investigation into McLeese's allegations was conducted, culminating in a forty-five page report. The investigation and report were made by Larry McMullen, counsel for Nichols, undertaken at the request of the board and on suggestion from appellant's attorney that McMullen "as counsel for Nichols Company in the above matter" undertake to "make an accurate assessment of any liability to the company" of any of the defendants.

■ Appellant contends that the business judgment rule is inapplicable here because the acts ratified by the Board were illegal, fraudulent, or *ultra vires.* An illegal act is one "expressly prohibited by statute or against public policy." *McWilliams v. Central States Life Ins. Co.*, 137 S.W.2d 641, 645–46 (Mo.App.1940). Appellant's allegation that defendants McCarthy and Roeder engaged in illegal activity is unsubstantiated. Nothing in the record indicates that they committed any illegal act or violated public policy. Additionally, appellant fails to specify which acts complained of are illegal nor does he indicate which statutes, if any, were violated. *See, e.g., Wolgin v. Simon*, 722 F.2d 389 (8th Cir.1983).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 55.15. The same standard applies in shareholder derivative actions. *Delahous-*

*saye v. Newhard,* 785 S.W.2d 609, 614 (Mo. App.1990). This court finds no specific allegations nor has appellant directed us to any allegations in his First Amended Petition that specifically allege any elements of fraud. Additionally, Janes states in his affidavit that all of the loans complained of were approved by the Executive Committee and the full Board with knowledge of McCarthy's involvement in Air One.

■ An act of a corporation is *ultra vires,* or beyond its power, when the act is "outside the objects for which the corporation is created as defined in the law of its organization." *McWilliams v. Central States Life Ins. Co.,* 137 S.W.2d 641, 645 (Mo.App.1940). The Janes affidavit establishes that one of Nichols' corporate purposes under the Articles of Incorporation is to invest in and lend money to other corporations and entities. Additionally, in 1982, the Board of Directors adopted a resolution authorizing McCarthy and Roeder, among others, to buy or sell stocks, bonds and other securities on Nichols' behalf. We find, therefore, that none of the acts complained of are *ultra vires.*

The Nichols Board ratified the actions of the Executive Committee and officers and such ratification precludes a shareholder's derivative suit if the actions complained of are not fraudulent, *ultra vires,* or illegal. *Santa Fe Hills Golf & Country Club v. Safehi Realty Co.,* 349 S.W.2d 27 (Mo. 1961). Appellant's Point II is denied.

### III

Respondents assert that, notwithstanding the fact that summary judgment was properly granted, dismissal on the pleadings is also appropriate in the instant action because plaintiff failed to follow the pleading requirements of Supreme Court Rule 52.09, which states in pertinent part:

> The petition shall ... allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

In appellant's first amended petition, he alleges "[t]hat, notwithstanding the foregoing, plaintiff, by his counsel, did make a demand that the Nichols Company initiate this action." Plaintiff then set forth the actions taken by him constituting demand on directors of Nichols. Appellant's petition is completely devoid of allegations concerning demand made on shareholders, nor does he plead any reasons for failure to make such demand.

■ Before a court will entertain a shareholders derivative action, the stockholder must show that he has exhausted all remedies and reasonable efforts within the corporation: that he has no other avenue of recovery. *Saigh v. Busch,* 396 S.W.2d 9, 16 (Mo.App.1965), *cert. denied,* 384 U.S. 942, 86 S.Ct. 1465, 16 L.Ed.2d 541 (1966). It is well-settled that to withstand a motion to dismiss a derivative action by a shareholder in a corporation, a plaintiff must allege "with particularity" that he made demand on the Board of Directors to take remedial action on the corporation's behalf and, that failing, that plaintiff unsuccessfully sought action by the stockholders as a body. *Goodwin v. Goodwin,* 583 S.W.2d 559, 560–61 (Mo.App.1979). The plaintiff must state legally cognizable reasons for his failure to seek relief from the other stockholders. *Saigh,* 396 S.W.2d at 21. To meet this requirement, "the plaintiff must allege a state of facts from which it appears that such efforts or demands would have been useless and unavailing." *Goodwin,* 583 S.W.2d at 561.

■ It is true that such demand is not required where officers or directors of the corporation committed fraudulent, illegal or *ultra vires* acts, because such acts cannot be ratified by shareholders. *Wolgin v. Simon,* 722 F.2d 389, 392 (8th Cir.1983). In *Wolgin,* the Eighth Circuit held that under Missouri law, a shareholder bringing a derivative action is not excused from making demand on the shareholders where he failed to allege with sufficient particularity that the actions complained of were fraudulent, illegal or *ultra vires. Id.* at 393. As stated above, we find that appel-

lant in the case at bar failed to plead with the requisite particularity that the actions were fraudulent, illegal or *ultra vires.* Therefore, the actions complained of fall within the purview of the business judgment or discretion of the Nichols Board of Directors.

> Where the act complained of consists in an exercise of the discretion reposed in the directors ..., a stockholder cannot sue, for such an exercise of discretion cannot constitute an actionable wrong to the corporation even if injurious to it, and this rule includes discretion to sue or not to sue.

*Saigh,* 396 S.W.2d at 16. Where the matter complained of calls for business judgment or discretion of a corporation's board of directors, the courts will not interfere so long as the judgment is fairly and honestly exercised. *Wolgin,* 722 F.2d at 393.

We agree with respondents that appellant failed to meet the pleading requirements of Rule 52.09 and that dismissal on the pleadings is appropriate. Respondents filed motions to dismiss or, in the alternative, for summary judgment. The trial court treated the case as one for summary judgment. "The primary concern of this court is the correctness of the result and not the route taken." *Morgan v. Morgan,* 755 S.W.2d 737, 740 (Mo.App.1988).

### IV

Because we find that dismissal on the pleadings is appropriate, appellant's Points III, IV and V are moot. In appellant's point III, he attacks the competence of the affidavits supporting the defendants' summary judgment motions because certified copies of documents referred to in the affidavits were not attached, as required by Rule 74.04(e). Appellant failed to raise this with the trial court. An appellate court may not address issues not raised before the trial court. *Miller v. Pool & Canfield, Inc.,* 800 S.W.2d 120, 124 (Mo.App.1990).

### V

Appellant's Point IV contains nearly twenty pages of rambling recitation of facts and argument, most of which is unsupported by legal argument or applicable case law, but consists of a restatement of plaintiff's allegations. Appellant first attacks the affidavits of Janes and Russell. He asserts that Janes' affidavit is ambiguous. We disagree. Appellant attacks Dr. Russell's affidavit because the jurat states the affidavit was "[s]ubscribed and sworn to this 7th day of July 1990." The affidavit, however, refers to events that occurred on July 10 and 11, 1990. The date is apparently provided by the notary public, Nancy Lines, who witnessed Dr. Russell's signature. According to Ms. Lines' sworn affidavit, based on her time records and filed with this court, she actually took Dr. Russell's oath on July 16, 1990, and she inadvertently dated the jurat July 7, 1990.

As in his Point III, appellant failed to raise this dating discrepancy with the trial court. In as much as the appellant failed to challenge the date on the affidavit in his opposition to the defendants' motions to dismiss or for summary judgment, his argument is waived. *Id.*

Next appellant appears to argue that the board members who made the decisions in the 1980's and those who ratified their actions in 1990 were not independent or disinterested as required by *Zapata Corp. v. Maldonado,* 430 A.2d 779 (Del.1981), and *Abella v. Universal Leaf Tobacco Co.,* 546 F.Supp. 795, 800 (E.D.Va.1982). *Zapata* is a Delaware case that specifically interprets a Delaware statute allowing a corporate board of directors to create an independent investigation committee to investigate the actions complained of by a minority shareholder. That court limited its review to "whether the Committee has the power to cause the present action to be dismissed." *Zapata,* 430 A.2d at 781. *Abella* is a Virginia case that, like *Zapata,* addresses investigation by a special litigation committee and that committee's determination that a stockholders derivative action would not be in the best interests of the corporation and its shareholders.

In the case at bar, the actions taken by the members of Nichols' Board of Directors concerning loans to and investments in Air One were ratified by the en-

tire Board both in the 1980's as they were occurring and again, after review of the facts, in 1990. The entire Board, absent the named defendants, not a committee appointed by them, made the decision that dismissal of appellant's lawsuit was in the best interest of Nichols. This court has located no Missouri statute or case law allowing such investigation by committee nor has appellant pointed us to one, nor was the decision not to pursue the lawsuit made by a committee.

Appellant next contends that the members of the 1990 board failed to adequately inform themselves as to the material information surrounding the Air One transactions before voting to ratify the actions. Counsel for Nichols conducted a six month investigation of the actions complained of and presented a forty-five page report to the board for its consideration. This investigation was, in fact, initially suggested by appellant's counsel. Appellant now complains that counsel for Nichols, Mr. McMullen, was an inappropriate party to conduct such an investigation. Since the investigation was undertaken by Mr. McMullen at appellant's suggestion, this complaint lacks conviction.

Appellant also complains that counsel for Nichols "rushed [his report] by the board in under 48 hours." The board members knew the investigation was being conducted. Many of them were interviewed by McMullen. Several of them were undoubtedly familiar with the Air One transactions by virtue of having been on the board at the time they occurred. Mr. McMullen presented his report to the board on July 10, 1990, outlining his findings and the conclusions he had drawn from his investigation. The board members were then allowed time to review the report and, at their meeting on July 11, 1990, Mr. McMullen was again present to discuss his investigation.

■ After a "substantial discussion concerning the report" and thorough consideration of the facts pertaining to appellant's allegations, the board concluded there was no factual basis for appellant's claims; the transactions between Nichols and Air One were authorized by the Executive Committee of the board *prior* to their consummation; the Board of Directors ratified the Executive Committee's decisions in October 1983 and November 1984 and again in 1990. Ratification is appropriate when the acts complained of are not fraudulent, *ultra vires,* or illegal. *See Neidert v. Neidert,* 637 S.W.2d 296, 301 (Mo.App.1982). As stated above, this court finds that appellant's first amended petition fails to plead any fraudulent, *ultra vires,* or illegal acts. Appellant's Point IV is denied.

## VI

Appellant alleges under his Point V that the trial court erred in granting summary judgment because it did so without allowing plaintiff to conduct any discovery. Because we find that appellant failed to adequately plead a shareholder's derivative action with the particularity required and that appellant's petition, therefore, fails to state a claim upon which relief can be granted, no discovery should be allowed.

## VII

■ Finally, in Point VI, appellant alleges the trial court erred in refusing his motion to file a second amended petition. On March 28, 1991, the trial court granted leave to the appellant to file his first amended petition and denied his request to file a second amended petition. Appellant claims newly discovered evidence in the nature of five other board members who were involved with Air One and fraud. The trial court found the appellant failed to demonstrate that he did not know of the "matters sought to be added" when the first amended petition was filed or that the matters were unintentionally omitted. Rule 55.33 grants generous allowances for amendments, however, it is not a grant of mandatory right. *Boling v. State Farm Mut. Auto. Ins. Co.,* 466 S.W.2d 696, 699 (Mo.1971).

The trial court is vested with wide discretion to grant or deny such a request and it will not be overturned unless the exercise is palpably abused. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. 1984). That determination "is best mea-

sured in terms of whether justice is furthered or subverted by the course taken." *Id.* The trial court specifically found that the new matters addressed by the amendment did nothing to "clarify or cure any defects in the original petition." We agree. Appellant's allegations concerning demands made on directors and shareholders remain unchanged in his second amended petition and, therefore, are insufficient to comply with the requirements of Rule 52.-09. Appellant's Point VI is denied.

Judgment affirmed.

All concur.