David G. WISE, Plaintiff–Appellant,

v.

Mary Lee SANDS, d/b/a Town and Country Real Estate, Defendant–Respondent.

No. 15173.

Missouri Court of Appeals, Southern District, Division One.

Oct. 27, 1987.

Motion for Rehearing Denied Nov. 19, 1987.

Sidney T. Pearson, Pearson & Carter, St. James, for plaintiff-appellant.

John Z. Williams, Williams, Smallwood & Crump, Rolla, for defendant-respondent.

GREENE, Presiding Judge.

David G. Wise sued Mary Lee Sands, d/b/a Town and Country Real Estate, alleging that he had been damaged in the sum of $9,053.51 because of the negligence of Sands, when acting as a real estate agent for Wise. Wise claimed that Sands negligently failed to obtain, as she had agreed to do, a deed of trust to secure a $10,000 promissory note given by Donald and Carol Whitworth to Wise as a partial payment on the $50,000 purchase price of Phelps County real estate owned by Wise and sold to the Whitworths. The petition alleged that after the Whitworths had paid approximately $2,000 on the $10,000 note, they made no further payments; that when Wise attempted to foreclose on the property, he found he had no deed of trust, and that when he attempted to recover the bal-ance due on the note through a lawsuit against the Whitworths, he found they had taken bankruptcy.

In her answer to the petition, Sands de-nied that she had agreed, as a part of her agreement with Wise to attempt to obtain a buyer for the property, to obtain a deed of trust from the Whitworths securing their $10,000 note. (The petition also named Donald C. Sands, husband of Mary, as a codefendant, but Wise later dismissed the complaint against Donald.) Her answer further stated that "Plaintiff's petition fails to state a claim for which relief can be granted in that Plaintiff's petition does not specify or state how Plaintiff suffered damages, if any, by reason of the note referred to in Plaintiff's petition not being secured by a second Deed of Trust on the real property described in Plaintiff's peti-tion."

Sands followed her answer with a motion for summary judgment, the relevant alle-gations of which are as follows: Wise sold the real estate to the Whitworths for $50,-000, $40,000 of which was to be paid in cash and $10,000 of which was to be repre-sented by a promissory note executed by the Whitworths, and payable to Wise. The $40,000 cash payment by the Whitworths was obtained by them through a loan from Central Federal Savings and Loan Associa-tion (the association), which was evidenced by a promissory note in that amount and a first deed of trust on the property sold by Wise to the Whitworths. The Whitworths defaulted on their note made payable to the association. The association then asserted their rights given them in the first deed of trust and sold the property at a foreclosure sale. At the sale, the association was the sole bidder and bought the property for the amount due on its note plus the costs of the sale.

Sands' motion also alleged that since there was no surplus as a result of the sale, even if Wise had had a second deed of trust on the property, which he did not, he would have received nothing from the sale of the property and, therefore, could not have been damaged by Sands' alleged fail-ure to obtain the second deed of trust. The

motion further asserted that since Wise had suffered no damages, there was no genuine issue as to any material fact on the damage question, so that, even if the averments of Wise's petition were true, Sands was entitled to a judgment as a matter of law. The motion was accompanied by an affidavit from John D. Wiggins, trustee named in the deed of trust between the Whitworths and the association, attesting to all evidentiary allegations of the motion for summary judgment pertaining to the foreclosure sale, and confirming there were no surplus proceeds after paying off the note held by the association and the costs of the sale.

Wise did not contest any of the allegations of the motion for summary judgment. In its order sustaining the motion for summary judgment, the trial court stated as follows:

The facts necessary to the determination of this motion appear to be the following:

1. Plaintiff's petition claims he was damaged by reason of the failure of Defendant Mary Lee Sands acting as Plaintiff's real estate agent to obtain a second deed of trust securing payment of a promissory note made by purchasers of real estate sold by Plaintiff in part payment of the purchase price for such real estate sold by Plaintiff.

2. Plaintiff sold the real estate referred to in his petition to Donald L. and Carol Whitworth, husband and wife, for the total purchase price of $50,000.00, of which purchase price $40,000.00 was paid in cash and $10,000.00 was represented by a promissory note made by the purchasers payable to Plaintiff. The $40,000.00 cash payment made by the purchasers was procured by means of a loan from Central Savings & Loan Association which loan was evidenced by a promissory note and which note was secured by a first deed of trust on the real property sold by Plaintiff to the purchasers. Plaintiff claims that the $10,000.00 promissory note he received in part payment of the purchase price was to have been secured by a second deed of trust on the real property sold.

3. The promissory note made by the purchasers of the property and payable to Central Federal Savings & Loan Association which was secured by a first deed of trust on the real property sold by Plaintiff to the Whitworths was not paid by the Whitworths and in accordance with its terms, and Central Federal Savings & Loan Association thereafter caused the deed of trust securing payment of the note payable to it to be foreclosed upon, and the trustee named in the deed of trust sold the real property at foreclosure.

4. At the foreclosure sale there was but one bidder, that being Central Federal Savings & Loan Association, the holder of said promissory note, and Central Federal Savings & Loan Association bid on said property in an amount equal to the amount due it on its promissory note and the costs of sale, and there being no other or further bid said property was struck off and sold to Central Federal Savings & Loan Association.

5. The fact that the real property upon which Plaintiff claims he was to have had a second deed of trust was sold at foreclosure of the first deed of trust thereon for an amount equal to the balance due on the promissory note secured by the first deed of trust and costs of sale with their being no surplus at said sale establishes that Plaintiff was not damaged even if all of the averments contained in Plaintiff's petition are taken as true because if Plaintiff had held a second deed of trust as security for payment of the promissory note referred to in his petition, he would have received nothing in payment of his promissory note from the proceeds of the foreclosure sale.

Wise appeals from the trial court's order. In his appeal, he asserts that it was not necessary for him "to show actual damages on a case of this type, but only that a legal duty existed, and it was breached ...;" and that a genuine issue of material fact existed as to whether actual damages had been suffered by him. In his brief, Wise seems to treat his petition as an action for

breach of contract. It was not. The actionable allegations of the petition are contained in paragraph 11 and state:

> That Defendants (Sands and her husband) were negligent in failing to procure a Deed of Trust securing said promissory note, and that as a proximate result of said negligence, Plaintiff has suffered damage in the amount of Seven Thousand Nine Hundred Ninety Dollars and Seventy Five Cents ($7,990.75) plus interest in the amount of One Thousand Sixty Two Dollars and Seventy Six Cents ($1,062.76), for a total of Nine Thousand Fifty Three Dollars and Fifty One Cents ($9,053.51).

This is a clear-cut allegation of negligence, not breach of contract. The petition was never amended to allege any theory of recovery other than damages by reason of negligence.

■ Actionable negligence involves three elements, which are: (1) an existent duty on the part of defendant to protect plaintiff from injury, (2) failure of defendant to perform that duty, and (3) injury to plaintiff as a result of such failure. *First Nat. Bank of Sikeston v. Goodnight*, 721 S.W.2d 122, 125 (Mo.App.1986). Failure of evidence to prove any one of those three elements defeats the negligence claim. In his brief, Wise contends it was not necessary for him to prove actual damages by reason of the failure of Sands to procure the second deed of trust, but that he was entitled to nominal damages, and the trial court erred in finding that *actual* damages was required as an element of a negligence case. Wise fails to cite in his brief any negligence case that so holds.

Even if Sands had, by her answer, admitted negligence in failing to procure the second deed of trust, which she did not, Wise would not be able to recover damages unless he could show some resulting injury as a consequence of Sands' negligent act. *Wise v. Towse*, 366 S.W.2d 506, 510 (Mo. App.1963).

■ Since damages are an element of a cause of action for negligence, nominal damages cannot be awarded in such an action. See 22 Am.Jur.2d, Damages § 8, p.

23. Wise, evidently recognizing his predicament after the adverse ruling by the trial court, seeks to turn a sow's ear into a silk purse by arguing here that his petition actually sought damages for breach of contract, not negligence, and since this was really a breach of contract action, nominal damages are awardable, thus defeating the rationale behind the summary judgment. He cannot change horses in midstream. A party is not entitled to argue his cause here on a different theory than he presented to the trial court. *Turnbough v. Farmers Ins. Co.*, 720 S.W.2d 752, 754 (Mo.App. 1986).

In a last gasp effort to convince us of the trial court's allegedly errant ways, Wise states in his brief that if he had actually possessed a second deed of trust he could have, somehow, (1) "controlled the foreclosure sale," (2) encouraged potential buyers of the property to attend the foreclosure sale, perhaps inflating the price the property sold for, or (3) made a bid on the property himself. No alleged facts supporting these speculative claims appear in the record.

■ Speculative results are not a proper element of damages. *Moore v. St. Louis Southwestern Railway Company*, 301 S.W.2d 395, 402 (Mo.App.1957). There was no reasonable certainty that any of the enumerated probabilities by Wise would have occurred, or, if they did, that Wise's loss on the $10,000 note would have been diminished. Such speculation was not a proper element of damages.

■ Rule 74.04(b) gave Sands the authority to file her motion requesting summary judgment. Wise, as an adverse party, was not entitled to "rest upon the mere allegations or denials of his pleading," but was required, by a response to the motion, to set forth specific facts showing a genuine issue for trial. Rule 74.04(e). He did not do so. It was, therefore, appropriate under the facts here for the trial court to enter the summary judgment order. *Brown v. Prudential Insurance Company of America*, 375 S.W.2d 623, 629 (Mo.App. 1964).

Since Sands has shown by unassailable proof that she is entitled to a summary judgment as a matter of law, she was entitled to a trial court order granting her that relief. The order of the trial court granting summary judgment in favor of Sands is affirmed.

CROW, C.J., and HOLSTEIN, J., concur.