Susie R. PONDER, Plaintiff–Appellant,

v.

ANGEL ANIMAL HOSPITAL, INC.

and

Phillip G. Trokey, D.V.M., Defendants–Respondents.

No. 15503.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 28, 1988.

Richard L. Anderson, Anderson & Selby, Kimberling City, for plaintiff-appellant.

Robert W. Schroff, John G. Newberry, Schroff, Glass & Newberry, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiff asserted that she took her male Chow Chow dog to Angel Animal Hospital, Inc. (Angel) for "the limited purpose of grooming and clipping" but he was instead castrated there due to the "negligence" of defendant Phillip G. Trokey, a doctor of veterinary medicine. Trial commenced before a jury and at the close of plaintiff's evidence the trial judge directed a verdict for defendants. Plaintiff appeals.

The question here is whether sufficient evidence was presented to entitle plaintiff to an award of damages. Generally the measure of damages to animals is their difference in fair market value before and after the injury. *Wright v. Edison*, 619 S.W.2d 797, 802 (Mo.App.1981). There was no evidence of a reduction in value of the dog due to the castration, or any evidence showing a monetary loss due to it to the plaintiff. Actionable negligence requires proof that the claimant was injured. *Wise v. Sands*, 739 S.W.2d 731, 734 (Mo. App.1987). Plaintiff failed to prove any such loss.

Appearing to acknowledge that this court may find that she failed to prove any damages, plaintiff states that she should be entitled to receive "at minimum nominal damages, the amount to be determined by the jury". That contention has no merit. As damages are an element of a cause of action for negligence, nominal damages cannot be awarded on such a claim. *Wise*, supra 739 S.W.2d at 734. Since there was no evidence of damage to plaintiff, the trial court correctly directed a verdict for defendants.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.