**STRICTLY PEDIATRICS, INC., Respondent,**

v.

**DEVELOPMENTAL HABILITATION ASSOCIATES, INC., Appellant.**

**No. 60146.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 24, 1991.

Phillip K. Gebhardt, Warren W. Friedman, St. Louis, for appellant.

Joseph L. Racine, St. Louis, Richard Beaver, Jefferson City, for respondent.

CRIST, Judge.

Strictly Pediatrics, Inc., Plaintiff below, sued Developmental Habilation Associates, Inc., (DHA), Sandra Brooks, Missouri Department of Social Services et al., and Missouri Division of Medical Services, et al., (singularly referred to as "State Medicaid Agency") for Skilled Nursing Services furnished via its contract with DHA and for which it was alleged the State Medicaid Agency was under obligation to pay DHA.

DHA filed a cross-claim under 42 U.S.C.A. § 1983 against the State Medicaid Agency, alleging it was entitled to payment for the Skilled Nursing Services as a Medicaid provider. This cross-claim was dismissed by the trial court for failure of DHA to exhaust administrative remedies provided by the State of Missouri.

 The seminal issue is whether actions filed under 42 U.S.C.A. § 1983 in a state court are subject to the exhaustion of state administrative remedies. In *James v. City of Jennings,* 735 S.W.2d 188 (Mo.App. 1987), this court held exhaustion of state administrative remedies was jurisdictionally required in order to bring a 42 U.S.C.A.

§ 1983 claim in state court. However, the United States Supreme Court has put this issue to rest, in that it has held administrative review need not be pursued to a final judgment before a § 1983 claim may be filed in state court. *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); and *see Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Wilder v. Virginia Hospital Association,* 496 U.S. ——, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990); *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990).

■ Respondent asserts DHA did not state a cause of action because, in order for a plaintiff to be able to maintain a 42 U.S.C.A. § 1983 action, plaintiff must have a violation of a recognized statutory or constitutionally created private right—separate and apart from said § 1983, and DHA failed to establish such right. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 2432[3], 85 L.Ed.2d 791 (1985). This issue was not presented to the trial court. Because this issue was not brought to the attention of the trial court we do not determine the correctness thereof. *Miller v. Pool and Canfield, Inc.,* 800 S.W.2d 120, 123–124[2, 3] (Mo.App.1990).

Reversed and remanded.

PUDLOWSKI, P.J., and STEPHAN, J., concur.