FOREMOST INSURANCE COMPANY,
Appellant,

v.

PUBLIC SERVICE COMMISSION OF
MISSOURI, et al., Respondents.

No. WD 54864.

Missouri Court of Appeals,
Western District.

Aug. 25, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1999.

Application for Transfer Denied
March 23, 1999.

Donald C. Otto, Jr., Jefferson City, for Appellant.

R. Blair Hosford, Deputy General Counsel, Mo. Public Service Comm'n, Jefferson City, for Respondent PSC.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cathleen A. Martin, Asst. Atty. Gen., Jefferson City, for Respondent Phillips.

Before HOWARD, P.J., and BRECKENRIDGE and SPINDEN, JJ.

HOWARD, Presiding Judge.

Foremost Insurance Company appeals from the trial court's dismissal of all four counts of its petition. In its first point on appeal, Appellant argues the trial court erred in dismissing its counts requesting writ of mandamus and declaratory judgment. Appellant contends that because its claims presented a constitutional challenge, it was not required to exhaust its administrative remedies. In its second point on appeal, Appellant contends the trial court erred in finding that Respondent James Phillips had official immunity against Appellant's 42 U.S.C. § 1983 claim and its claim for trespass to chattels.

### Facts

This lawsuit arises from actions of James Phillips purportedly acting in his official capacity as the Director for the Department of Manufactured Housing, Recreational Vehicles and Modular Units of the Missouri Public Service Commission. Specifically,

Appellant alleges that without any notice to Appellant, Phillips removed, or caused to be removed, the "HUD Seal" from Appellant's 1988 Clayton Mobile Home.

Appellant filed suit in the circuit court of Cole County, alleging that the actions of the Respondents were unlawful, arbitrary, capricious and unconstitutional, and the statutes and regulations on which those actions were based were unconstitutional and void.

Counts I and II of the petition were directed toward the Missouri Public Service Commission, requesting a writ of mandamus and declaratory judgment. Count III of the petition was a § 1983 claim directed against Phillips for his alleged violation of Appellant's constitutional rights. Count IV was an action directed against Phillips for the intentional tort of trespass to chattels, alleging that Phillips caused damage to be done to Appellant's property. It was further alleged that those actions were not within the scope of his authority as director and not authorized by any Missouri statute.

Phillips and the Missouri Public Service Commission both filed motions to dismiss on several grounds. The motions were briefed and argued, but no evidence was taken on any issue by the court. On July 31, 1997, the court issued its order granting the motion to dismiss. Counts I and II were dismissed on the ground that Appellant had not exhausted its administrative remedies, and Counts III and IV were dismissed on the ground that Phillips had "official immunity." This appeal followed.

### Point I

■ The first point on appeal is that the trial court erred in finding that Appellant failed to exhaust its administrative remedies as to Counts I and II of its petition because no administrative remedies are available and Appellant presented a constitutional challenge.

■ Where there is a constitutional challenge to a statute which forms the *only* basis for granting declaratory judgment, exhaustion of administrative remedies is not required. *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995). A similar exception exists when the *only* issue is whether an ordinance is invalid because the ordinance is not authorized by law. *Id.* However,

[a] party is not excused from exhausting his administrative remedies merely because he raises a constitutional issue which no official in the grievance process is authorized to decide. To hold otherwise would mean that a party whose grievance presents issues of fact or misapplication of rules or policies could nonetheless bypass his administrative remedies and go straight to the courthouse by the simple expedient of raising a constitutional issue.

*Muth v. Board of Regents of Southwest Missouri State Univ.*, 887 S.W.2d 744, 751 (Mo. App. S.D.1994).

■ In this case, the constitutional claims are mixed with at least one other claim involving factual issues essential to determining whether the party has violated the statutes that it claims to be unconstitutional. *Angoff*, 909 S.W.2d at 353. Of course, if the party did not violate the statutes, the constitutional questions need not be reached. *Id.* The constitutionality of the statute will not be decided unless essential to a disposition of the case. *State ex rel. Director of Revenue, State of Mo. v. Gabbert*, 925 S.W.2d 838, 839 (Mo. banc 1996); *Angoff, id.; State ex rel. Missouri Cable Telecomm. Ass'n v. Missouri Public Service Comm'n*, 929 S.W.2d 768, 771 (Mo.App. W.D.1996). Disposition of these fact issues and related questions of statutory construction may well make the constitutional issues moot. *Id.*

On appeal, Appellant does not contend that the mobile home was in compliance with any state or federal statutes or regulations. However, in its petition before the trial court, Appellant pled that "[t]he mobile home in question, in fact, is not in violation of any applicable state or federal standard of safety or construction." Whether Appellant was in compliance with state or federal law is a factual question. Therefore, the fact that Appellant questioned the statutory scheme's constitutionality does not excuse it from the requirement that it exhaust its administrative remedies. Point I is denied.

## Point II

The second point on appeal is that the trial court erred in dismissing Counts III and IV of Appellant's petition on the ground of official immunity because Count III was for a violation of Appellant's civil rights and Count IV was for an intentional tort, and therefore official immunity does not lie.

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Id.* No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. *Id.* Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. *Id.* A petition will not be dismissed for failure to state a claim if it asserts facts which would entitle plaintiff to relief, if proven. *Kennedy v. Missouri Attorney Gen.*, 920 S.W.2d 619, 621 (Mo.App. W.D.1996). We must affirm the lower court's dismissal if it can be sustained on any ground that is supported by the motion to dismiss, regardless of whether the circuit court relied on that ground. *Keys v. Nigro*, 913 S.W.2d 947, 951 (Mo.App. W.D.1996).

### 1. Count III

We first address whether the trial court erred in dismissing Count III of Appellant's petition. Count III is a § 1983 claim. Exhaustion of administrative remedies is not necessary before filing a § 1983 claim in state court. *Strictly Pediatrics, Inc. v. Developmental Habilitation Assocs., Inc.*, 820 S.W.2d 731, 732 (Mo.App. E.D.1991).

The elements of a claim under § 1983 are as follows: 1) defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and 2) defendant was acting under the color of state law at the time of the conduct constituting the deprivation. *Tyler v. Harper*, 670 S.W.2d 14, 15 (Mo.App. W.D.

1984); *Knapp v. Junior College Dist. of St. Louis County, Mo.*, 879 S.W.2d 588, 591 (Mo. App. E.D.1994), *overruled on other grounds by State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 330 (Mo.banc 1995). Public officials are provided qualified immunity for their official acts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rustici v. Weidemeyer*, 673 S.W.2d 762, 772 (Mo. banc 1984) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *Browning by Browning v. White*, 940 S.W.2d 914, 924 (Mo.App. S.D.1997). The function of the qualified immunity rule is to excuse an officer who makes a reasonable mistake in the exercise of his official duties. *Browning, id.*

In determining whether the trial court erred in dismissing Appellant's § 1983 claim, we must determine whether Appellant's petition before the trial court stated a cause of action under § 1983. Appellant alleges violation of his constitutional rights to substantive due process, procedural due process, and property. Respondent argues that even if the facts alleged are true, Respondent did not violate any clearly established right of Appellant. However, the right to not have one's personal property unnecessarily or illegally destroyed would appear to be a clearly established right of which a reasonable person would have known. In addition, Appellant has pled facts sufficient to indicate that Respondent was acting under the color of state law at the time he allegedly harmed the property. Therefore, the trial court erred in dismissing Appellant's § 1983 claim.

### 2. Count IV

We next address whether the trial court erred in dismissing Count IV of Appellant's petition. Count IV is a claim for trespass to chattels, an intentional tort. As with the § 1983 claim, in determining whether the trial court's dismissal of Appellant's trespass claim was erroneous, we must determine whether Appellant's petition stated a cause of action for trespass to chattels.

Although the case law concerning this common law tort is sparse, trespass to

chattels involves intentional conduct on the part of one person which interferes with the use of personal property in the possession of another without justification. 2 Mo. Tort Law, § 21.19 (MoBar 2d ed.1990). A trespass to a chattel may be committed by intentionally intermeddling with a chattel in the possession of another, and the intention required is present when an act is done for the purpose of using or otherwise intermeddling with a chattel or with knowledge that such an intermeddling will, to a substantial certainty, result from the act. *Cover v. Phillips Pipe Line Co.*, 454 S.W.2d 507, 512 (Mo.1970).

 Conduct which is otherwise a trespass may be justified by the fact that the intruder was authorized to do what he did or that he was functioning in the performance of his official duties. *See Montgomery v. Reorganized School Dist. No. 1, Dade County*, 339 S.W.2d 831, 833 (Mo.1960); *Gamble v. Pettyjohn*, 116 Mo. 375, 22 S.W. 783 (1893). However, even when the defendant is engaged in lawful public work, there will be liability for any trespass which is not necessary as an incident to such work. *Rector v. Tobin Constr. Co.*, 351 S.W.2d 816, 821 (Mo. App.1961), *rev'd on other grounds*, 377 S.W.2d 409 (Mo. banc 1964).

 Respondent contends that a certain amount of damage is justified in removing the seal in performance of his official duties. While we do not address this contention, we find that the trial court could not have determined from the face of the petition whether the damage in this particular case was incidental to Respondent's duty or beyond the scope of his duty. In other words, it would be impossible, from the face of the petition, for the court to determine if the alleged damages were justified. If the allegations in Appellant's petition are taken as true, as they must be on appellate review, Appellant states a cause of action against Respondent for trespass to chattels, and therefore the trial court erred in dismissing Appellant's claim. Point II is sustained.

The judgment of the trial court is affirmed as to Counts I and II, reversed as to Counts III and IV, and remanded for further proceedings on Counts III and IV consistent with this opinion.

All concur.