# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3239
_____

Regional Home Health Care, Inc.

*Plaintiff - Appellant*

v.

Xavier Becerra, Secretary of the United States Department of Health and Human Services;[1] NCI Information Systems, Inc., an NCI Company, doing business as AdvanceMed Corporation; Does 1-10

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 22, 2021
Filed: December 6, 2021
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

---

[1]Secretary Becerra is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

Regional Home Health Care, Inc. (Regional), was certified to receive reimbursement for services under the Medicare Act, 42 U.S.C. § 1395, *et seq.*, and derived almost all of its revenue from reimbursement for home health care services rendered to Medicare patients in rural Lee County, Iowa. The Centers for Medicare and Medicaid Services (CMS) suspended Medicare payments to Regional on January 31, 2018, during an investigation into whether Regional had been overpaid. Regional suffered dire financial hardship due to the suspension and closed its business by May 2018.

The suspension was lifted in July 2018, upon completion of the investigation. CMS determined that it had overpaid Regional more than $1.26 million, which CMS demanded be repaid. Regional did not challenge this overpayment determination in the administrative appeals process set forth in the Medicare Act and related regulations. See 42 U.S.C. § 1395ff. Regional instead filed suit in June 2019 against the Secretary of the Department of Health and Human Services and Medicare contractor NCI Information Systems, Inc. (AdvanceMed).[2]

Regional sought a declaration that the defendants' procedures "in suspending Regional's Medicare payments and forcing Regional out of business" without notice, a hearing, or an opportunity to appeal violated its Fifth Amendment rights to procedural and substantive due process. The district court[3] dismissed Regional's declaratory judgment claims for lack of subject matter jurisdiction.

---

[2]CMS is part of the Department of Health and Human Services. Regional does not dispute that CMS and AdvanceMed followed the payment-suspension procedures set forth in the Medicare regulations. See 42 C.F.R. §§ 405.371–.375.

[3]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

We conclude that no "actual controversy" exists between Regional and the defendants within the meaning of the Declaratory Judgment Act. See 28 U.S.C. § 2201(a). Having abandoned any claim for damages, Regional seeks nothing more than a judicial pronouncement that its constitutional rights were violated. This lawsuit thus does not present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

> In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement—what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion—is the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*

Hewitt v. Helms, 482 U.S. 755, 761 (1987).

A declaration that Regional's rights were violated will not affect the Secretary's or AdvanceMed's behavior toward Regional, because Regional has closed, the suspension has been lifted, and Regional did not appeal the overpayment determination. Regional's relationship with the defendants has effectively ended. The possibility of Regional re-establishing a business that is certified to receive Medicare reimbursements, again submitting documentation insufficient to meet Medicare requirements for billed services, and again having Medicare payments suspended (allegedly in violation of Regional's constitutional rights) is too "conjectural or hypothetical" to pose a "real and immediate threat of injury" sufficient to confer jurisdiction in federal court. See City of L.A. v. Lyons, 461 U.S. 95, 102,

103 (1983) (cleaned up); <u>Brazil v. Ark. Dep't of Hum. Servs.</u>, 892 F.3d 957, 960 (8th Cir. 2018) (plaintiff's claim for prospective injunctive relief moot because she was "under no 'real and immediate' threat of future retaliation").

The judgment is affirmed.

_____